## ENSMINGER *et al. v.* McINTIRE *et al.*

ONE who claims public lands in this State for raising fruit trees or crops, cannot enjoin miners from digging up the same for mining purposes, unless he can show that his fruit trees were planted or crops sown before the land was located for mining.

When the plaintiff closes his evidence, if the Court is of opinion that it would not sustain a verdict in favor of plaintiff upon the testimony, a nonsuit should be granted.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

The facts are stated in the opinion of the Court.

*Hereford & Williams,* for Appellants.

*S. W. Sanderson,* for Respondents.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action of trespass, with a prayer for an injunction to restrain the defendants, who are miners, from digging up ground in the possession of the plaintiffs. After the plaintiffs had introduced all their evidence the defendants moved for a nonsuit, which was granted, and a judgment was rendered accordingly, from which the plaintiffs appeal.

The evidence showed that the plaintiffs had had an inclosure near the place in controversy, raising grain therein for several years, and the fence had been moved out about one hundred feet toward the ravine where the mining was going on, and the ground in controversy thus included within the inclosure, sometime in 1859. In November, 1860, the plaintiffs planted some peach trees on the land, against the objections of one of the miners, and when the ground was worked by the defendants, they had a volunteer crop of wheat there, good for hay. The testimony was that five peach trees were destroyed by the mining, worth eighteen dollars per hundred, and thirty pounds of hay worth one-and-a-half cents per pound, making the damages amount in all to one dollar and thirty-five cents. The Court below might well have concluded, from the evidence, that the trees were not planted in good faith, for the purpose of raising an orchard, but rather as a means of stopping the mining. Nor did the plaintiffs show a priority of appropriation of the ground in controversy. There was so little evidence in support of the plaintiffs' claim, that the Court might well have held that it would not sustain a verdict in favor of the plaintiffs, in which case a nonsuit is proper. Under these circumstances we would not be justified in disturbing the judgment rendered in the Court below.

The judgment is therefore affirmed.