JACOB MEYER & BROS., Appellants, v. C. F. HOUCK,
        *et al.*, Appellees.

1. **Practice in Supreme Court:** AMENDED ABSTRACT: COSTS.
   Where, upon appeal, an amended abstract filed by the appellee is
   necessary to a fair understanding of some of the rulings of the
   district court, though more voluminous than necessary, the cost
   thereof, and of a transcript made necessary by such abstract, will
   not be taxed separate to the appellee where the case is affirmed.

2. **Fraudulent Conveyances:** HUSBAND AND WIFE: EVIDENCE.
   Where in an action by attachment the wife of the attachment
   defendant intervened, claiming the attached property under a
   chattel mortgage made to secure an alleged loan of money to her
   husband, and it appeared that until the execution of the mortgage
   the wife had held no note as evidence of the indebtedness, that the
   mortgage covered all the property of the husband, and that at the
   time of its execution the husband was in failing circumstances, and
   the wife knew him to be insolvent, that the mortgage was not
   promptly recorded, and that the husband continued in possession of
   the chattel property, and sold goods therefrom at retail, rendering no
   account to the wife for sales made, and there was no other evidence
   that would justify the jury in finding said conveyance fraudulent as
   to creditors, *held*, that the court properly instructed the jury to return
   a verdict in favor of the intervenor for the possession of the property.

3. **Practice:** DIRECTION TO JURY AS TO VERDICT: NEW RULE ESTAB-
   LISHED. A motion to direct a verdict should be sustained when,
   considering all of the evidence, it clearly appears to the court, that if
   a verdict were found in favor of the party upon whom the burden of
   proof rests, it would be the duty of the court to set it aside.

*Appeal from Shelby District Court.*—HON. A. B.
            THORNELL, Judge.

                THURSDAY, MAY 19, 1892.

THE defendants are husband and wife. On the
twenty-seventh day of November, 1889, the defendant
C. F. Houck executed and delivered to Calla Houck
his promissory note for about twelve hundred dollars,
and a chattel mortgage upon a stock of goods and
merchandise, to secure the payment of the note. The

mortgage was filed for record on the fourth day of December, 1889, and duly recorded. On the seventh day of December, 1889, the plaintiffs commenced an action against C. F. Houck upon an account for goods sold and delivered to him, and sued out an attachment, and caused the same to be levied upon the mortgaged goods. Calla Houck intervened in the action, and claimed the goods as mortgagee. The plaintiffs answered her petition of intervention by claiming that the mortgage was invalid and void as to creditors of C. F. Houck, because it was made with intent to defraud said creditors. There was a trial by jury, and when the plaintiffs completed the introduction of their evidence the intervenor moved the court to direct the jury to return a verdict against the plaintiffs. The motion was sustained, and the jury returned the verdict as directed, upon which judgment was entered. The plaintiffs appeal.—*Affirmed.*

*Smith & Cullison,* for appellants.

*Foss & Stuart* and *H. W. Byers,* for appellees.

ROTHROCK, J.—I. An attack is made by appellees upon the record in this court upon the ground that the appellants did not pay or secure the clerk of the district court his fees for a transcript, and because the rulings of the court were not preserved by a bill of exceptions. An examination of the record as now on file shows that these objections are not well taken.

II. Exceptions were taken by the appellants to certain rulings of the court made during the trial, touching the admissibility and competency of evidence. An examination of the appellees' abstract shows that nearly all of these exceptions are not based upon the. true record. Such as are properly presented appear to us to be without merit, not being prejudicial to the

plaintiffs. We do not regard them of sufficient importance to point them out specifically.

III. It is claimed that the appellees' abstract was unnecessary, and we are asked by a motion filed by the appellants to strike it from the files, and tax the costs thereof and the costs of the transcript made necessary by reason of said abstract to the appellees. The motion is overruled. We think that the appellees' abstract was necessary to a fair understanding of some of the rulings of the court above referred to, and that, while it is perhaps a little more voluminous than necessary, yet not so much so as to require that the costs thereof be taxed to the appellees.

*1. PRACTICE in supreme court: amended abstract: costs.*

IV. We come now to the only material question in the case, which is: Did the court err in directing the jury to return a verdict against the plaintiffs? A determination of this question involves an examination of the evidence upon the issue involving the alleged fraudulent character of the chattel mortgage. The burden of proof was on the plaintiffs to show that the mortgage was fraudulent as to them. The pleadings are so framed as to impose that burden upon the plaintiffs. The mortgage and note were shown to have been duly executed and delivered and the mortgage filed for record. These instruments were valid upon their face, and it was incumbent upon the plaintiffs to show the fraud which they alleged. *Carson v. Foley*, 1 Iowa, 524. The plaintiffs introduced the defendant Calla Houck as a witness. She testified that her husband made the note and mortgage to her for money loaned by her to him. This fact is not really in dispute, except so far as it may be called in question by certain inferences sought to be drawn from other facts disclosed in evidence. Some of these other facts are

*2. FRAUDULENT conveyances: husband and wife: evidence.*

that the parties to the mortgage are husband and wife, and it is not shown that the wife took a note from her husband at the time she loaned the money; that the husband was in failing circumstances when the mortgage was made, and that the wife knew that he was insolvent; and that the mortgage covered all of the property of the husband; and that the mortgage was not promptly recorded; and that the husband retained the possession of the stock of goods, and sold from the stock at retail, the same as if they were not mortgaged, and rendered no account to his wife for sales made. It is claimed by counsel for the appellants that, because of these and other facts and inferences, it was the duty of the court to submit the question of fraud to the jury. It is insisted that the jury would have been fully warranted in finding from the evidence that the mortgage was fraudulent. We do not think this position can be maintained. Our examination of all the facts leads us to the conclusion that, if the motion to direct the verdict had been overruled, and the cause submitted to the jury, and a verdict found for the plaintiffs, it would have been the duty of the court to set aside the verdict on the ground that the evidence was insufficient to sustain it.

V.   But it is further claimed that there was some evidence tending to show that the transaction in question was fraudulent, and that it was the duty of the court to submit the case to the jury if there was any evidence, however slight. It may be conceded that there was some evidence. There are one or two facts which might be regarded as badges of fraud; but, when weighed in the balance with the other evidence, they do not constitute such a conflict as would authorize a verdict for the plaintiffs. The rule of practice in relation to directing verdicts which has prevailed in this state is well understood. A motion to direct a

3. Practice: direction to jury as to verdict: new rule established.

verdict for the defendant has been regarded as a de-
murrer to the evidence, and it has always been held
that such a motion not only admits the truth of
the fact found, but every fact and conclusion which
the evidence conduces to prove, or which the jury
might have inferred therefrom in his favor. The rule
was stated in very nearly the foregoing language in
*Jones v. Ireland*, 4 Iowa, 63. And that practice has ob-
tained in this state up to the present time. There are
a multitude of cases adhering to the rule. It is un-
necessary to cite them. They will be found collected
in McClain's Digest (volume 2, pp. 335-338). The
practice has been that where there is what is called
a "*scintilla* of evidence" to be considered by the jury,
it is error to direct a verdict. The rule has been stated
in various forms of expression, as will be seen by an
examination of the cases. In *Way v. Illinois Central
R'y Co.*, 35 Iowa, 585, the following language
is employed: "Hence, under the statute, and our
previous rulings, it follows that it is the duty of a *nisi
prius* court in this state to submit the case to the jury
upon the evidence where it only tends even to prove it,
although the court should feel in duty bound to set
aside a verdict for the plaintiff if the jury should so
find." It is further said in that case that "in other
states a different, and perhaps better and more con-
sistent rule obtains whereby the court may direct
the jury how to find, where it would set aside a ver-
dict otherwise." Citing *Brown v. R'y Co.*, 58
Me., 389; *Wilds v. Hudson River R'y Co.*, 24
N. Y. 430. In other cases the statement of the rule
has been modified, as in *Starry v. Dubuque &
S. W. R'y Co.*, 51 Iowa, 419, in which the district
court directed a verdict for the defendant, this court
said: "Such being the case, it would have been the
duty of the court to set aside a verdict in favor of the
plaintiff. Why, then, occupy the valuable time of the

court at the public expense for the purpose of going through a useless form and ceremony?'' Language to the same effect will be found in the case of *Bothwell v. C. M. & St. P. R'y Co.*, 59 Iowa, 192. . After a thorough examination of adjudged cases, we have reached the conclusion that the practice should be changed so as to harmonize with that ''better and more consistent rule'' referred to in *Way v. R'y Co.*, *supra*, which now obtains in England and in the United States courts, and in nearly all the states of the Union.

The doctrine in England on this question is well stated in the following language: ''But there is in every case a preliminary question, which is one of law, namely, whether there is any evidence on which the jury could properly find the verdict for the party on whom the *onus* of proof lies. If there is not, the judge ought to withdraw the question from the jury, and direct a non-suit if the *onus* is on the plaintiff, or direct a verdict for the plaintiff if the *onus* is on the defendant. It was formerly considered necessary in all cases to leave the question to the jury if there was any evidence, even a *scintilla*, in support of the case; but it is now settled that the question for the judge (subject, of course, to review) is, as is stated by MAULE. J., in *Jewell v. Parr*, 13 C. B. 916, 'not whether there is literally no evidence, but whether there is none that ought reasonably to satisfy the jury that the fact sought to be proved is established.' '' *Ryder v. Wombwell*, L. R. 4 Exch. 32; *The Directors, etc., of the Metropolitan R'y Co. v. Jackson*, L. R. 3 App. Cas. 193; *The Directors, etc., of the Dublin, W. & W. R'y Co. v. Slatterly*, Id. 1155.

The rule, as stated by the supreme court of the United States, is as follows: ''The judges are no longer required to submit a case to a jury merely because some evidence has been introduced by the party having the

burden of proof, unless the evidence be of such a *character that it would warrant* the jury to proceed in finding a verdict in favor of the party introducing such evidence.   Decided cases may be found where it is held that, if there is a *scintilla* of evidence in support of a case, the judge is bound to leave it to the jury; but the modern decisions have established a more reasonable rule, to-wit: that before the evidence is left to the jury there is or may be in every case a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it upon whom the burden of proof is imposed.''   *Commissioners v. Clark*, 94 U. S. 278. See also, *Improvement Co. v. Munson*, 14 Wall. 448; *Pleasants v. Fant*, 22 Wall. 120; *Parks v. Ross*, 11 How. 373; *Merchants Bank v. State Bank*, 10 Wall. 637; *Hickman v. Jones*, 9 Wall. 201.   In *Pleasants v. Fant*, *supra*, the following language is used:   ''It is the duty of the court, in its relation to the jury, to protect parties from unjust verdicts arising from ignorance of the rules of law and of evidence, from impulse of passion or prejudice, or from any other violation of his lawful rights in the conduct of a trial.   This is done by making plain to them the issues they are to try; by admitting only such evidence as is proper in these issues, and rejecting all else; by instructing them in the rules of law by which that evidence is to be examined and applied; and finally, when necessary, by setting aside a verdict which is unsupported by evidence, or contrary to law.   In the discharge of this duty it is the province of the court, either before or after verdict, to decide whether the plaintiff has given evidence sufficient to support or justify a verdict in his favor; not whether on all the evidence the preponderating weight is in his favor; that is the business of the jury.   But conceding to all the evidence offered the

greatest probative force which, according to the law of evidence, it is fairly entitled to, is it sufficient to justify a verdict? If it does not, then it is the duty of the court, after a verdict, to set it aside, and grant a new trial. Must the court go through the idle ceremony, in such a case, of submitting to the jury the testimony on which the plaintiff relies when it is clear to the judicial mind that, if the jury should find a verdict in favor of plaintiff, that verdict would be set aside, and a new trial had? Such a proposition is absurd, and accordingly we hold the true principle to be that, if the court is satisfied that, conceding all the inferences which the jury could justifiably draw from the testimony, the evidence is insufficient to warrant a verdict for the plaintiff, the court should say so to the jury." The same doctrine may be found in the following cases: *Raby v. Cell*, 85 Pa. St. 80, in which it is said that "at one time, indeed, it was the admitted doctrine that, if there was any, the least evidence,—a mere *scintilla*,—the question must be submitted to the jury. But that doctrine has been very justly exploded both in England and in this state." *Wittkowsky v. Wasson*, 71 N. C. 451; *Zettler v. City of Atlanta*, 66 Ga. 195; *Weis v. City of Madison*, 75 Ind. 241; *Dryden v. Britton*, 19 Wis. 31; *Baldwin v. Shannon*, 43 N. J. Law, 596. *Brown v. R'y Co.*, 58 Me. 384, in which it is said: "It would be absurd to send a cause to a jury when the verdict, if rendered in favor of the plaintiff, would not be permitted to stand. *Wilds v. Hudson River R'y Co.*, 24 N. Y. 430, in which it is said: "No legal principle compels him [the judge] to allow a jury to render a merely idle verdict." *Brown v. Massachusetts M. & L. Insurance Co.*, 59 N. H. 298; *Brooks v. Somerville*, 106 Mass. 271; *Ensminger v. McIntire*, 23 Cal. 593; *Morgan v. Durfee*, 69 Mo. 469; *Simmons v. Chicago & T. R'y Co.*, 110 Ill. 340. We might cite other adjudged cases to the same effect, but it is unnecessary.

It will be seen from what we have cited that the whole turn of legal thought in this country and in England is contrary to the rule of practice which requires a court to go on for several days with the trial of a case to a jury when the verdict must in the end be either for the defendant, or be set aside if for the plaintiff. It is true there are decisions to be found in a few states in which a *scintilla* of evidence is allowed to go to the jury. But an examination of the later cases in some of these states will show that the rule has not been adhered to. We have cited enough cases to show that the great weight of modern authority is contrary to the rule which this court has adhered to, though it has more than once intimated that the other rule adopted by the large majority of courts of last resort is better and more consistent.

Our conclusion is that when a motion is made to direct a verdict, the trial judge should sustain the motion when, considering all of the evidence, it clearly appears to him that it would be his duty to set aside a verdict if found in favor of the party upon whom the burden of proof rests. The adoption of this rule is no abridgment of the right of trial by jury. A party against whom a verdict has been directed by the court can have the ruling of the court reviewed by exception and appeal just as well as he can if the rule were otherwise, and he takes an appeal to this court from an order granting a new trial after verdict. He has no right to insist that the trial of his cause be continued as a mere idle form, or a mere experiment, that he may have the gratification of securing a verdict which must be set aside. As we have seen, courts very generally now designate such a proceeding as absurd. Probably this court has too long followed the rule to be in a position to denounce it in that way; but we think that, as the question involves no more than the change

of a mere rule of practice, which will be of material advantage in the trial of cases in the saving of the time of the trial courts,—time which ought to be devoted to the transaction of legitimate business,—and the saving of court expenses to the counties, with no detriment to the rights of any one, it is high time that this state should adopt the more consistent and logical practice which now generally prevails elsewhere.

The judgment of the district court is AFFIRMED.