R. R. WILCOX v. WILLIAMSON LAW BOOK COMPANY,
Appellant.

Evidence: NOTICE.   Making an uncalled-for statement that declarant
1   had no notice of a contract, is not evidence that he *did* have notice
of the contract.

SAME: FRAUD.   That a father, who is a *bona fide* creditor, buys property
2   of a son who intended to cheat creditors by the sale, and that the
father's agent, with whom he placed the purchase, secretes part of it,
is not evidence of a participation in son's fraud.

*Appeal from O'Brien District Court.*—HON. SCOTT M.
LADD, Judge.

THURSDAY, OCTOBER 18, 1894.

ACTION to recover specific personal property.
Trial to a jury.   At the conclusion of the testimony
the court directed a verdict for plaintiff, and defendant
appeals.—*Affirmed.*

*C. A. Babcock* for appellant.

*Milton H. Allen* for appellee.

DEEMER, J.—In August, 1889, the appellant sold
and delivered to J. A. Wilcox a number of law reports
at the agreed price of six hundred and thirty-four dol-
lars and fifty cents—one hundred dollars in cash, the
remainder to be paid in installments of fifty dollars
each, three months thereafter.   A written contract was
entered into between the parties, by the terms of which
the books were to remain the property of appellant
until fully paid for.   This contract was recorded in the
recorder's office of the proper county, but was so defec-
tively acknowledged that the record thereof imparted
no notice, either to creditors or subsequent purchasers,

and consequently, was invalid under our statute, except
as to such creditors, or purchasers from the vendee,
as had actual notice of the contract.    J. A. Wilcox
made all payments called for by the contract up to
June 5, 1891, when he executed his note to appellant
for the remainder, to wit, two hundred and thirty-four
dollars and fifty cents.   On the fourteenth day of
December, 1891, Wilcox having failed to pay this note,
appellant served a written demand upon him for the
return of the books.    Failing to comply therewith, the
appellant brought suit in replevin against him for the
books, and took them under the writ issued in that
case.   In the meantime, and on the fourth day of
August, 1891, the appellee obtained judgment before a
justice of the peace of O'Brien county against J. A.
Wilcox for the sum of two hundred and thirteen dol-
lars and thirty cents and costs, upon a promissory note
executed by him to appellee on the tenth day of Octo-
tober, 1890.   The books in question were levied upon
under an execution issued on this judgment, and sold
to the appellee at execution sale on the twenty-ninth day
of August, 1891, for the sum of two hundred and
twenty-three dollars and eighty cents.   This action
was brought by appellee to recover the possession of
the books from the appellant and the sheriff who took
them under the writ of replevin.   The appellant
answered, averring that there was no transfer of the
possession of the books at the time of the execution
sale, and that it took them from the possession of J. A.
Wilcox under the writ of replevin issued in its case
against him; that appellee knew at the time of his levy
upon and purchase of the books of the contract of sale
between appellant and J. A. Wilcox, and of its condi-
tions; that appellee and J. A. Wilcox colluded and
conspired together to cheat and defraud the appellant
out of its property; that the note on which appellee's
judgment was based was without consideration, and

was executed with intent to defraud; that, in pursuance to the said conspiracy, appellee put the note in judgment, J. A. Wilcox making no defense thereto, but allowing the same to go to judgment fraudulently; and that the judgment execution and sale were all fraudulent and void by reason of collusion between the parties.  After the testimony was all adduced, the court, on motion of appellee, directed the jury to return a verdict for him, and it is the ruling on this motion that we have to consider.

It is contended on the part of appellant that there was sufficient testimony to take the case to the jury upon the question as to whether appellee had actual notice of the conditional bill of sale and upon the question of fraud in obtaining appellee's judgment. The rule in this state is: "That when a motion is made to direct a verdict, the trial judge should sustain it when, considering all of the evidence, it clearly appears to him that it would be his duty to set aside a verdict if found in favor of the party upon whom the burden of proof rests." *Meyer v. Houck*, 85 Iowa, 319, 52 N. W. Rep. 235.  The burden was upon the appellant to show either that the appellee had actual notice of the conditional contract of sale of the books to J. A. Wilcox, or that the judgment plaintiff obtained against J. A. Wilcox was collusive and fraudulent.  The only testimony tending to show that appellee had notice of the contract.is a statement by him to one of appellant's attorneys that he had no notice of the contract, at a time when no remark had been made to him to call for such a statement.  We do not think this was sufficient to authorize a verdict for appellant.  The remark was made at a time when he was discussing his right to the books with the attorney, and is not such an admission as would warrant a finding against him by the jury.  After plaintiff purchased the books he left them in the possession of one Mrs Patton, who occupied one part of a

double house with J. A. Wilcox, and she took them to her rooms, and attempted to, or did, secrete a part or all of them. This circumstance, together with the relationship between the parties—the appellee being the father of J. A. Wilcox—is relied upon as sufficient to justify a finding by the jury that the judgment and execution sale were fraudulent. There can be no question but that appellee was a *bona fide* creditor of J. A. Wilcox; neither is there any doubt in our minds but that J. A. Wilcox intended to so dispose of the books as to defraud the appellant. But to render the transaction fraudulent as to appellee it must be shown that he knew of, and participated in, the fraudulent intent of his son. The mere fact that his agent, without his knowledge, secreted the books after they had been turned over to her by appellee would not justify a finding that he participated in the fraud. Appellee, when called upon to know where the books were, promptly informed the officer that they were in the possession of Mrs. Patton, and described the room where they had been left. The relationship of the parties was not sufficient to justify a finding of fraud in the transaction between appellee and his son.

Complaint is made of the rulings of the court in the rejection of testimony. The rulings were correct, and, finding no error in the record, the judgment is AFFIRMED.