ATLAS C. REEDER, Appellant, v. JOHN H. DUPUY, *et al.*

DIRECTING VERDICT: *When proper.*

*Appeal from Dubuque District Court.*—HON. FRED O'DONNELL, Judge.

FRIDAY, DECEMBER 13, 1895.

Proceeding to set aside the probate of and to annul the will of Phoebe H. Harris, deceased. The court directed a verdict for the defendants, and the plaintiff appealed.—*Affirmed.*

*C. W. Baker* and *Longueville & McCarthy* for appellant.

*Lyon & Lenehan, R. W. Stewart,* and *Henderson. Hurd, Daniels & Kiesel* for appellees.

Granger, J.—I. The grounds upon which it is sought to avoid the will are a want of testamentary capacity, and undue influence. An assignment of error that the court erred in directing a verdict sustaining the will is first argued, and the fact relied upon is that there was some evidence; and then the rule of law is invoked that, "where there is some evidence upon the whole case," the court cannot interfere to direct a verdict. The claim is sustained by quite a long line of authorities in this state to that effect, to which it is not necessary to refer; for that rule for many years obtained, until *Meyer v. Houck.* 85 Iowa, 319 (52 N. W. Rep. 235), when we announced the more satisfactory rule that a motion to direct a verdict should be sustained when, considering all the evidence, it appeared to the court that it would be its duty to set aside the verdict, if found in favor of the party upon whom the burden of proof rested. With this rule to guide us, we have no difficulty in disposing of this assignment of error. The argument is not a presentation of any particular evidence upon which a verdict could rest, if found, nor a reference to any. After presenting the rule and authorities as to "some evidence" being sufficient to authorize a submission to the jury, we are asked, generally, to give the testimony a careful perusal, and particularly that of one witness. We may, in the same general way, dispose of the question by saying that we have given it such examination, and conclude, without hesitation, that a verdict for the plaintiff could not be permitted to stand. The testamentary capacity of the testatrix is not to be even doubted, nor is the evidence as to undue influence such that it should be permitted to set aside so sacred an instrument as a last will and testament.

II. There are many objections to the rulings on the admission of testimony, which we have examined, and, in some particulars, answers were excluded that might have been admitted; but the evidence so excluded, if admitted, could make no difference with this case. With it before the jury, a verdict against the validity of the will could not be permitted to stand. We have examined with care all the testimony offered, and it is clearly insufficient to set aside a will. The trifling errors we suggest are entirely without prejudice, and the judgment will stand.—*Affirmed.*