P. F. GUTHRIE v. THE CITY OF DUBUQUE, Appellant.

**Directing Verdict.** A motion for the direction of a verdict by the party having the burden of proof should be denied unless considering all the evidence it clearly appears that it would be the duty of the court to set aside a verdict rendered for the other party.

RULE APPLIED. In an action against a city to recover for grading done under a written contract, in which the city reserved the right to increase or diminish the amount of grading, where there is a dispute as to the actual amount of grading done, owing to the inaccuracy of a bench mark, the question should be submitted to the jury.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

SATURDAY, MAY 21, 1898.

ACTION to recover three hundred and eighty-three dollars, with interest, balance alleged to be due under a written contract for grading, curbing, and guttering one of defendant's streets, the amount claimed being for a balance for grading. The defendant answered denying that anything was due for grading, and alleging that the grading done had been paid for. The issues will more fully appear in the opinion. At the close of the testimony the court, on motion, directed a verdict for the plaintiff for four hundred and forty-two dollars and twenty-six cents, and rendered judgment thereon. Defendant appeals.— *Reversed.*

*J. E. Knight* and *N. W. Utt* for appellant.

*Lyon & Lenehan* for appellee.

GIVEN, J.—I. The written contract provides that the city shall pay for "grading, in full, 10,200 cubic yards, at 19c., $1,938"; and this is the number of cubic yards which plaintiff claims to have graded, and for which he asks one thousand, nine hundred and thirty-eight dollars, less one thousand, five hundred and fifty-five dollars, admitted to have been paid. The specifications, which are a part of the contract, give "estimated amount of grading cut, 10,200 cubic yards." Said specifications also contain the following: "The city reserves the right to change the grade of said street, thereby increasing or diminishing the amount of grading as estimated, and if from any change of grade, or any other cause, the amount of grading is materially changed, then the amount due and to be paid under this contract shall be increased or diminished in the same proportion." Appellant's contention is that the amount of grading done was not ten thousand, two hundred cubic yards, but was eight thousand, one hundred and sixty-three cubic yards. The estimate of the grading, as stated in the contract and specifications, was taken from measurements obtained from using a city bench mark at Schuler's store, and appellant claims that this bench mark was erroneous to the extent of about one foot, and therefore showed one foot of grading more than was actually done; that when the grading was made measurements were taken from a correct bench mark, called "Rigi Station," which showed the correct number of cubic yards graded, namely eight thousand, one hundred and sixty-three. Appellee contends that the estimate stated in the contract and specifications is correct, and therefore the controlling issue in the

case is as to the actual number of cubic yards that were graded.

We will not set out the evidence on this issue, but simply mention its general tendency. The plaintiff testified that he graded ten thousand, two hundred cubic yards, basing this statement upon calculations made from the profile of the work in the city engineer's office and on the figures on the grade stakes set by the assistant city engineer. His testimony tends quite strongly to sustain his claim as to the number of yards graded. Mr. E. S. Hyde, assistant city engineer, who had charge of this work, was called by the defendant and examined at length. His testimony shows that the estimates stated in the contract and specifications were arrived at by measurements from the bench mark at Schuler's store, and tends to show that the bench mark was incorrect to the extent of nearly one foot, and that estimates made therefrom showed more grading than was actually done to the extent claimed by the appellant. His testimony also tends to show that Rigi Station corresponded with other bench marks in its vicinity; that it was correct; and that estimates made therefrom showed that only eight thousand, one hundred and sixty-three cubic yards were actually graded. Mr. Ed. C. Blake, city engineer, was called by defendant, but, as the work was in the charge of Mr. Hyde, he knew but little concerning it except as told by Mr. Hyde, and therefore gave no testimony requiring mention here. Mr. Mathew Tschirgi, called by the plaintiff, testified as to the manner of establishing bench marks, and the elevation of different bench marks in the city, and on redirect examination states as follows: "At the time we improved Delhi street there was a slight variation discovered between the bench mark at Schuler's store and the one at Rigi Station. If my recollection is correct, it is something over two or three-tenths."

We may say here this evidence was objected to as not fixing the time, but the time would only go to the weight to be given to it, and the objection was properly overruled. Mr. Eugene Anderson, a civil engineer, was also called by plaintiff. He stated that in improving a street with reference to the bench mark at Schuler's store and the one at Rigi Station there would be a difference in the amount of excavation if the ground was cross-sectioned from one bench mark and the improvement was made on the other, but if made from one bench mark there would be no difference. Plaintiff also introduced in evidence an estimate made, as he states, when "the grading had not been quite finished at that time. The sidewalks had to be graded. The biggest part was done, except a little trimming on the sidewalks." The estimate is as follows:

The City of Dubuque, to Guthrie & Chesterman:

To grading West Fourteenth street from Delhi
 to Atlantic avenue........................$1,938 00
Received on same........................    500 00

 Balance due .........................$1,438 00
Allow $500.00.

O. K., Blake, City Engineer.<br>John Glab.

II. We have seen that in the contract the amount of grading to be done was estimated to be ten thousand, two hundred cubic yards. We have also seen that the contract provides that, "if from any change of grade or any other cause the amount of grading is materially changed, then the amount due and to be paid under this contract shall be increased or diminished in the same proportion." If, because of an error in the bench at Schuler's store, the estimate in the contract was not correct, we have a cause that materially changed the amount of grading from that stated in the contract,

and in that case appellant is entitled to have the estimate diminished accordingly. There is no dispute in the evidence but that the bench mark at Schuler's store was to some extent incorrect, nor is there any dispute that the estimate stated in the contract was arrived at by measurements from that bench. We are of the opinion that under the contract and the evidence the court, under the rule announced in *Meyer v. Houck*, 85 Iowa, 319, should have submitted the issue as to the number of cubic yards actually graded to the jury. Much is said in argument as to the weight that should be given to the evidence, and especially to that of Mr. Hyde, but that is a question peculiarly for the jury. While we express no opinion as to which party was entitled to a verdict under the evidence, we think that an impartial finding of a jury in favor of either could not properly have been set aside. Some question is made by appellee as to the sufficiency of the assignment of errors, but we think they are sufficient. For the error pointed out the judgment of the district court is REVERSED.