Cornelius Ryan, Jr., v. City of Dubuque, Appellant.

**Public Improvement:** GRADING: *Evidence.* One who has contracted
with a municipal corporation to grade a street cannot recover
therefor without showing the amount of grading he has done,
under a contract which reserved to the city the right to change the
grade and thus increase or diminish the amount of grading to be
done and provided that if such amount was changed the compen-
sation to be paid therefor should be increased or diminished in
proportion to such change. Hence, it was error to deny defend-
ant's motion for judgment where plaintiff introduced nothing in

evidence except the contract, the ordinance showing that grades were required to be established and changed by resolution and that when streets are improved by contract the work is to be passed on by a committee which reports to the council, and a record of the council showing an acceptance of said street for the purposes of an assessment afterwards made for certain work done by plaintiff on the street, the grading in question being payable, however, from a general fund.

SAME.  Evidence of the assistant of the engineer under whose supervision the grading was done, that a change in relation to the street was made after the contract was entered into, was admissible, notwithstanding a change in the grading of the street could be legally made only by ordinance or resolution; since the specifications provide that the amount payable shall be increased or diminished if, from any change or grade or "other cause," the amount of grading shall be changed.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

WEDNESDAY, OCTOBER 12, 1898.

ACTION at law to recover an amount alleged to be due the plaintiff on a contract for grading. When the evidence had been fully submitted, a verdict was returned in favor of the plaintiff by direction of the court; and from the judgment rendered thereon, the defendant appeals.—*Reversed.*

*Duffy & Maguire* for appellant.

*Longueville, McCarthy & Kenline* for appellee.

ROBINSON, J.—On the twenty-first day of September, 1894, the plaintiff and the defendant entered into a contract in writing, by which the former agreed "to furnish all the materials, and do all the necessary work and labor, in grading * * * Southern avenue, from Railroad avenue to Rowan street, * * * according to the plans and specifications prepared by the city engineer." The contract further provided that, in consideration of the fulfillment of the contract, the city would pay to the plaintiff for "grading, in total, $2,679.60." The contract also provided

for curbing, guttering, and macadamizing the street, but
there is no controversy in regard to that work. The plaintiff,
acting under the contract, performed labor in grading the
street, and has received of the contract price for grading, the
sum of one thousand two hundred and one dollars and twenty
cents. He claims to be entitled to, and seeks to recover, the
remainder of the contract price, or one thousand four hun-
dred and seventy-eight dollars and forty cents, with interest.
The answer of the defendant contains a general denial, and
avers that, after the contract was entered into, the amount of
grading which it required was diminished by the defendant,
as it was authorized to do, and that the grading done was by
virtue of that change, and that, although the original contract
required the grading of nineteen thousand one hundred and
forty-two cubic yards, the grading actually done amounted to
but eight thousand five hundred and eighty cubic yards, and
that the plaintiff had been fully paid for that amount. The
verdict returned and judgment rendered were for the full
amount of the grading fixed by the contract.

   I. The plaintiff, to establish his claim, introduced in
evidence the contract and certain ordinances, and also records
of the city council, which showed that grades of the city were
required to be established and changed by resolution; that,
when streets are improved by contract, the work is to be
examined by a committee, and, if found completed in accord-
ance with the contract, the committee is to accept the work,
and so report to the city council. A record of the city council
was also introduced, which showed that a committee reported
to the council in regard to the street in question, and others,
as follows: "Your committee report that the following streets
have been accepted for the purpose of special assessment."
It was further shown that the report was adopted, and that
the city council levied special assessments on the property
abutting on the part of Southern avenue included in the plain-
tiff's contract, to pay for the improvements made by him
exclusive of the grading, and that the grading was to be paid

for from the general fund of the city. When that showing had been made by the plaintiff, he rested; and the defendant thereupon moved for judgment in its favor, on various grounds, which were, in substance, that the evidence failed to show that the plaintiff was entitled to recover anything. The motion was overruled. We think it should have been sustained. The acceptance of the committee upon which the council acted, did not refer to the grading, and there was no evidence before the court that the amount specified in the contract had been done. The plans and specifications referred to in the contract were made a part of it, and the specifications contain the following: "The grading is estimated from an established grade of said street as shown by profile, cross section, and level notes on file in city engineer's office. * * * The city reserves the right to change the grade of said street, thereby increasing or diminishing the amount of grading as estimated; and if, from any change of grade or other cause, the amount of grading is changed, then the amount due and to be paid under this contract shall be increased or diminished in the same proportion." This recognized the fact that the amount of grading specified might not be done, and that, if but a part of it should be done, only a part of the contract price would be earned. It was necessary for the plaintiff to show that he had completed the contract according to its terms, or, if not, to show the amount of grading he had done under it, and that he wholly failed to do.

II. The defendant, to establish its defense, attempted to show, by the testimony of its assistant city engineer, under whose supervision the work in question was done, that a change in relation to the street was made after the contract in suit was entered into; that the street was not brought to the established grade; and that the grading actually done was less in amount than that required by the contract when made. All testimony of that character was excluded on the objection of the plaintiff. The theory upon which that ruling was based appears to be that the contract

specified the amount of grading to be done, and the sum to be paid for it; that the work done was accepted by the city; and, therefore, that the sum specified in the contract must be paid, in the absence of proof that the city had changed the grade in the manner provided by ordinance, even though the amount of grading for which it provided was not done. In this connection attention is called to the answer, which avers that the city diminished the amount of grading to be done; and it is insisted that this averment would not be sustained by proof that the city engineer alone made the change. We do not think the theories suggested are sound. It is true that the contract reserved to the city only the right to change the grade of the street which was to be graded, and that such change could be made legally only by resolution or ordinance; but it is clear that the contract in suit did not contemplate payment for grading not actually done. It provides that "if, from any change of grade or other cause, the amount of grading should be changed, then the amount to be paid should be increased or diminished in the same proportion." If the amount was changed wrongfully, to the injury of the plaintiff, it may be that he would have a remedy against the wrongdoer, but he is not entitled to pay for work which he did not perform. See *Guthrie v. City of Dubuque,* 105 Iowa, 653. A record of formal action taken by the council to change the grade was not necessary to show that the plaintiff had not done the grading for which he sought to recover. Verbal evidence was competent to establish that fact, and the court erred in rejecting the testimony of the assistant city engineer. For the errors pointed out the judgment of the district court is REVERSED.