MATILDA KITZMAN, Appellant, v. SAMUEL KITZMAN, Sr.    $\frac{115}{124}$ $\frac{227}{345}$

Review on Appeal: DIRECTED VERDICT: *Abstracts.* To enable the appellate court to review the trial court's ruling directing a verdict for defendant, the abstract must contain all the material evidence, and not merely some parts of the evidence, tending to show that a verdict for the plaintiff might have been sustained.

DENIAL OF ABSTRACT: *Certification of record.* Under supreme court rule 22, providing that on a denial of the correctness of appellant's abstract the appellant shall sustain it by a certification of the record, a judgment will be affirmed where it is denied that the abstract contains all the material evidence, and the appellant fails to certify the record, and the transcript does not contain all the testimony, so that the court cannot determine whether or not the abstract does contain all the material evidence.

*Appeal from Mahaska District Court.*—HON. JOHN T. SCOTT, Judge.

FRIDAY, DECEMBER 20, 1901.

ACTION against the defendants named, and other defendants joined with him, to recover damages for libel. At

the conclusion of all the evidence introduced for both plaintiff and defendants, on motion of defendants the court directed a verdict for all of the defendants except one Steinke, and as to him submitted the case to the jury; whereupon a verdict was returned in Steinke's favor. Plaintiff appeals from the action of the court in sustaining the motion to direct a verdict, so far as it related to the defendant named in this appeal.—*Affirmed*.

*Liston McMillen* and *Carroll & Rice* for appellant.

*Byron W. Preston* and *T. C. Legoe* for appellee.

McCLAIN, J.—The only error urged is the action of the court in sustaining the motion to direct a verdict. To enable us to review this ruling, it is necessary that the abstract contain all the material evidence as to defendant's liability. Under the rule announced in *Meyer v. Houck*, 85 Iowa, 319, and which has been frequently adhered to, a verdict for the defendant may be directed where a verdict the other way, under the evidence, might properly be set aside. It is not sufficient, therefore, to require a reversal of the ruling of the court in directing a verdict, that some parts of the evidence of some witnesses tend to show facts that might sustain the verdict, but, if the evidence introduced as a whole would not sustain the verdict, then the motion is properly granted. Therefore, in order to enable this court to rule on the correctness of the action of the lower court in directing a verdict, it must have before it all the material evidence bearing on the issues. In this case the question of the liability of the defendant seems to have been involved in the issues as to the liability of the other defendants, and we can hardly see how any of the evidence in the case could be excluded from consideration in passing upon the question presented.

While this court prefers to dispose of the cases brought before it on material questions, which have been considered

in the lower court, it is sometimes impossible to do so, as it it is in this case. There are twelve filings, ten of which relate to the record, either by way of presentation thereof or denial of the correctness of such presentation. In addition to this, there is a motion, accompanied with an argument, to strike the evidence from the record, and finally a transcript. From the various documents thus presented it is extremely difficult to form any notion as to the actual record of the trial. Indeed, this has proved to be impossible, and it has been necessary to examine the transcript at length. It is needless to say that this is not the method in which cases ought to be presented to this court, and we are unable to see any reason why this case, which is a simple action at law to recover damages, should not have been presented in abstracts and arguments so that it could have been readily disposed of on the merits. The attorneys on each side have, however, by wholesale assertions on the one hand that certain abstracts contain all the evidence presented in the lower court, and by wholesale denials on the other hand of everything shown in the abstracts, withheld, as far as possible, from this court any accurate knowledge of the case as tried. We feel justified in thus reflecting on the presentation of the case on each side, because we are convinced that a fair effort on either side to get the merits of the case before us would have obviated much of the difficulty. It is necessary, however, to determine where lies the primary fault in this method of presentation, in order to dispose of the appeal. Counsel for appellant filed an abstract which sets out, very briefly, the testimony of three witnesses, and which purports to contain "all the evidence introduced in the trial of the cause." They then filed an amendment to the abstract, setting out briefly the testimony of two other witnesses, without stating that the two abstracts together contain all the evidence. Thereupon appellee's counsel filed an additional abstract, alleging that eighteen witnesses testified upon the trial whose testimony is not shown

in the transcript and that the witnesses whose testimony is set out were not the only witnesses who testified with reference to the issue as between the parties to this appeal. Without going further into a discussion of the record, it is sufficient to say that it thereupon became necessary, under rule 22 of this court, for appellant to sustain her abstract by a certification of the record, and thus show that such abstract did contain all the material evidence necessary to enable this court to rule on the questions raised on the appeal. If it appears that appellant has not thus presented in her abstract all the evidence which it is necessary for us to consider, then the case should be affirmed without further discussion; for we cannot be compelled to try the case on the transcript. We have examined the transcript far enough to ascertain that it does not contain the evidence of all the witnesses who testified on the trial. Therefore we are unable to know whether the abstract contains all the material evidence necessary for the determination of this appeal. Moreover, it affirmatively appears from the transcript that it does not show the names nor testimony of all the witnesses who testified in the case.

We do not wish to be understood as requiring that all the evidence appearing in the transcript shall be presented to us in the abstract, much less that the evidence be set out, as is sometimes done, by question and answer. We have had frequent occasion to feel aggrieved at the burden imposed upon the court by the unnecessarliy voluminous abstracts which are sometimes filed, but in this case it is so plain that counsel for appellant has simply picked out a small part of the evidence, which has been thought in itself to tend to show liability on the part of defendant, instead of presenting fairly in his abstract the substance of all the evidence on that question, that we feel justified in expressing our views as to this method of getting cases before this court.

In view of the condition of the record as presented in the abstract, the case is AFFIRMED.