## McCORMICKS v. FULLER & WILLIAMS ET AL.

1. **Evidence**: CONVERSATION THROUGH INTERPRETER: CONTRACT. The testimony of a witness to a conversation between himself and another through an interpreter, by which a contract was made, is competent evidence to establish the contract.

2. ——: DECLARATIONS: VENDOR AND VENDEE. The declarations of a vendor in possession of property to which he has parted with his right are not admissible in evidence to affect the rights of his vendee, against whom no charge of fraud is made.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, APRIL 22.

REPLEVIN for a harvester. There was a verdict and judgment for plaintiffs. Defendants appeal.

*Brown & Wellington,* for appellants.

*Willett & Willett,* for appellee.

BECK, J.—I. An opinion was filed in this case at the June term, 1880, reversing the judgment of the Circuit Court. Upon petition of plaintiff a rehearing was granted, and the cause has been again argued. The judgment was reversed for error in an instruction given to the jury, which was to the effect that if the jury found there was an agreement between plaintiffs and one under whom they claimed, by which plaintiffs could acquire the title, but no actual transfer had been made, the

plaintiffs are entitled to recover. The instruction was incorrectly set out in the abstract. As given, it is to the effect that an absolute transfer of the property, not an agreement to transfer in the future, would entitle plaintiffs to recover. The instruction was corrected in an amended abstract, which escaped our attention at the time the opinion was prepared and filed.

II. The petition alleges that plaintiffs are the absolute owners of the property, and entitled to the possession thereof. The defendants, in their answer, aver that they are the owners of the harvester, and entitled to the possession under a chattel mortgage executed by Ole Oleson Haave, who was the owner and in the possession of the property. The plaintiffs supported their claim to the property by evidence tending to prove that they had sold the harvester to Haave with a warranty and an agreement that, if it did not comply with the terms of the warranty, plaintiffs would "take back" the machine. The harvester was defective and did not " work all right," and the plaintiffs, through their agent, "did take the machine back," upon the request of Haave, and left it in his possession to be taken care of for the plaintiffs. The defendant, after these transactions, induced Haave to execute to them a chattel mortgage upon the machine. At the time Haave informed defendants that the property was owned by plaintiffs, and did not belong to him. Defendants' evidence tended to contradict the testimony offered by plaintiffs, and to show that they had no notice that the harvester had been " taken back " by plaintiffs.

III. The court instructed the jury to the effect that if there had been an executed agreement under which the machine was "*taken back*" *i e,* the ownership was transferred to plaintiffs, of which defendants had notice when the mortgage to them was executed, they should find for plaintiffs. But if the jury should find that plaintiffs did not own the property when the mortgage to defendants was executed, or the defendants at the time had no notice of plaintiffs' claim, or the agree-

ment between plaintiff and Haave was to the effect that the machine should be returned to plaintiffs upon delivery to Haave of the notes given to plaintiffs for the property, which had not been done, then their verdict should be for defendant. These instructions are clearly correct. If there was an unconditional transfer of the property back to plaintiffs, of which defendants had notice, they are entitled to the property. This position needs for its support neither argument nor authorities. It is based upon elementary principles of the law. The instructions requested by defendants are substantially covered by those given; there was no error in refusing them.

IV. The agreement with Haave, under which the property was transferred to plaintiffs, was made by two agents of

1. EVIDENCE: conversation through interpreter: contract.

plaintiffs. Haave did not speak the English language, and the principal agent was unacquainted with the language spoken by Haave. The other agent spoke both languages, and acted as an interpreter in the negotiation between the principal agent and Haave. This agent was permitted, against defendants' objections, to testify as to the conversation, through the interpreter, between himself and Haave. Defendants' counsel insists that the as agent did not understand Haave's words, and depended upon the interpreter in order to acquire a knowledge of their meaning, his evidence is mere hearsay. We think the objections not well taken. The evidence was intended to show a contract between plaintiffs and Haave, and the interpeter was chosen by the parties as a medium of communication through which both could speak. He was the agent of each, and his words were the language of the respective parties for whom he translated. Section 1, Phillipps on Evidence; Cowan & Hill's, and Edwards' Notes, 4 Am. Ed., p. 519.

Another reason supports the ruling of the court below. The contract is to be enforced according to the mutual understanding of its terms by the parties. The evidence of the witness shows plaintiffs' understanding of the contract. It was admissible on this ground: It is proper to say that the

statements of this witness accord with the testimony of Haave and the interpreter, as to the purport of the contract.

V. A witness of defendants was asked to state the conversation had with Haave, when he took the machine under the mortgage, which had been. executed four or five days before. The defendants proposed to prove by this witness that Haave declared that no one had a claim upon the machine except defendants, and that the machine belonged to him. The evidence was rightly rejected. Declarations made by a party in possession of property, after he has parted with his right, are not admissible to. affect one claiming under him. Section 1, Phillipps on Evidence; Cowan & Hill's and Edwards' Notes, 4 Am. Ed., p. 322, *et seq.*

2. —: declarations: vendor and vendee.

In *Blake v. Graves*, 18 Iowa, 312, the declarations of a vendor of personal property remaining in possession thereof, in an action brought by the vendee against attaching creditors of the vendor, was held admissible. Fraud. was charged against the vendor and vendee. The declarations were held to be competent on the ground that the possession of the vendor after sale was, as to creditors, such evidence of conspiracy as to authorize the admission of the declarations, or was such connection with the property as to authorize the admission of the declarations a part of the *res gestae*. The decision is not applicable to the case before us for the reason that the plaintiffs, the vendees, are not charged with fraud.

In *Taylor v. Lusk*, 9 Iowa, 444, it is held that declarations of one in posession of personal property are admissible to explain the possession, whether it be under claim of ownership, or is held by one acting as an agent for the owner. The case has no application to the question before us.. No other authorities are cited by appellants upon this point.

VI. It is urged that the evidence fails to support the verdict. It is conflicting, and it possibly may be claimed that, upon the point of notice to defendants of plaintiffs' acquisition of the. property from Haave, the preponderance is

for defendants. But it cannot be claimed that upon this or any other issue in the case there is such a failure of evidence as to authorize us to disturb the judgment. There must be, to authorize a reversal on the ground that the verdict is against the evidence, such failure of proof as to raise the presumption that the verdict was the result of passion or prejudice, and is not the result of an intelligent and honest exercise of the discretion of the jury. Nothing of the kind can be fairly claimed in this case.

·We have considered all the questions discussed by counsel, and reach the conclusion that the judgment of the Circuit Court ought to be

AFFIRMED.