PRINGLE v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y Co.

1. **Railroads:** INJURY TO BRAKEMAN: CONTRIBUTORY NEGLIGENCE: EVIDENCE OF CONDITION OF TRACK. In an action by a brakeman against a railway company on account of negligence in running an engine upon him while between the rails in the performance of his duty, evidence that the condition of the track was such that he could not have alighted outside the rails was competent for the purpose of showing that he was not negligent in alighting between them.

2. ———: ———: ———: EVIDENCE OF BELIEF. In such a case, where plaintiff had signaled the engine to stop, and the circumstances were such that he could not easily tell whether it had stopped or not, he had a right to presume that his signal would be obeyed; and there was no error in permitting him to testify that when he went upon the track he thought the engine had plenty of time to stop, and had stopped. In such a case he would not be negligent in being mistaken in his belief.

3. ———: ———: EXTENT OF INJURY: EVIDENCE. In such a case, the testimony of a woman, who nursed plaintiff while confined to his bed, to the effect that he called her at a time and exhibited to her a piece of bone, which he said he had just taken from the wound, was competent to corroborate plaintiff's testimony as to taking the bone from the wound. And so, also, was the testimony of other witnesses, to the effect that, after the injury, plaintiff, while engaged in labor, limped, competent to show the extent of the injury.

4. **Evidence:** ADMISSION OF: ERROR WITHOUT PREJUDICE. Error in admitting testimony prejudicial only to the appellee is no ground for reversal.

5. **Practice:** INSTRUCTIONS. Allegations of the pleadings upon which evidence has rightly been admitted are proper to be repeated to the jury in the instructions.

6. **Contributory Negligence:** INSTRUCTION. In an action for injury occasioned by defendant's negligence, it is only such negligence on the

part of the plaintiff as *contributed to the injury* that will defeat his recovery, and an instruction to that effect in this case *held* correct.

7. **Railroads:** NEGLIGENCE: INSTRUCTION WARRANTED BY THE EVIDENCE. See opinion.

8. ———: CONTRIBUTORY NEGLIGENCE: INSTRUCTION NOT PREJUDICIAL TO APPELLANT. See opinion.

9. **Instructions:** MUST BE CONSIDERED TOGETHER.

*Appeal from Van Buren District Court.*

THURSDAY, OCTOBER 23.

ACTION to recover on account of personal injuries sustained by plaintiff while in the employment of defendant as a brakeman, which are alleged to have been caused by the negligence of other employes of defendant, engaged with plaintiff in operating the cars at the time of the injury. There was a verdict and judgment thereon for plaintiff. Defendant appeals. The facts of the case are fully stated in the opinion.

*M. A. Low*, for appellant.

*W. M. Walker* and *W. H. C. Jacques*, for appellee.

BECK, J.—I. The undisputed evidence in the case establishes the following facts: Plaintiff, while in the employment of defendant as a brakeman, was required, in the discharge of his duty, to assist his co-employes in attaching a car, which stood upon a side track, to the train he was engaged in operating. To do this, it was necessary to draw the car backward from the side-track, where it was found, to the main track, and then to move it by a forward motion of the engine through a switch to another side-track, thus permitting the train to pass and to be coupled to the car, taking it in the rear. This was done by what is called, in the language of the train men, "kicking." The engine is moved forward at sufficient speed to give the car the momentum which will move it to the place where it is desired to leave it, and, while in motion, the engine is uncoupled from the car, and is then stopped, as in this case was the purpose. When the

engine and car had reached the main track from the side-track just mentioned, they were stopped, and plaintiff, as required by his duty, went upon the "break beam" of the car, at the end next to the engine, for the purpose of drawing the coupling-pin at the proper time, in order to permit the car to be "kicked" upon the side-track. After sufficient momentum was obtained, he drew the coupling-pin and gave the signal to stop the engine, and then, waiting until the car had moved sixty or seventy-five feet, and had gained twelve or fifteen feet distance from the engine, he went from the "break beam" to the track, stepping between the rails, and very near one of them. He was almost immediately struck by the pilot, and his limbs were drawn under it. By clinging to the pilot he prevented his body from being drawn under it, and he was dragged in this position seventy-five feet, when the engine was stopped and backed, and he was thus released from the peril. His duty required him to couple the engine to the train, which had been left on the main track, and to which the engine was to be "backed," after "kicking" the car. The plaintiff testified that, after giving the signal for stopping the engine, and after the car had gone sixty or seventy-five feet, gaining upon the engine twelve or fifteen feet, he believed that the engine had stopped, and therefore he went to the ground, and that he alighted between the rails for the reason that the condition of the track would not permit him to alight outside of them.

The foregoing facts are stated in the testimony of plaintiff, and are not contradicted by other witnesses. The engineer states that the engine could have been stopped in the distance of forty-eight or fifty feet. The fireman, when plaintiff pulled the coupling-pin, directed the engineer to stop the engine.

II. We shall proceed to the consideration of the objections to the judgment of the district court in the order we find them discussed in the printed argument of defendant's counsel.

The plaintiff was permitted to testify, against defendant's objection, to the condition of the track, for the purpose of showing that he could not safely and without difficulty have reached the ground outside of the rails. The evidence, we think, was competent. It was plaintiff's duty, as soon as he could do so with safety, to leave the car, in order to couple the engine to the train. This he was required to do expeditiously, that there should be no delay. If he could have alighted outside of the rails, there would have been no danger. The evidence sufficiently accounts for his not attempting to do so. If he could not alight outside of the rails, he was justified, as we shall soon see, in attempting to reach the ground inside of the rails, if it could have been done in the exercise of reasonable care and caution. The purpose of the evidence was not, as defendant's counsel insists, to establish the negligence of defendant in failing to have the track in proper condition.

III. The plaintiff was permitted to testify, against defendant's objection, that when he left the car he thought the engine "had plenty of time to stop," and had stopped. The plaintiff had directed, by proper signal, the engineer to stop the engine. He believed, from the fact that the distance between the car and engine had increased to twelve or fifteen feet, that the speed of the engine was diminishing, and, according to the testimony of himself and the engineer, the engine had gone a distance sufficient to enable the engineer to bring it to a full stop. He was authorized by the law to trust in the care and diligence of the engineer, and to act in the belief that he had taken proper action to stop the engine. *Beems v. The C., R. I. & P. R'y Co.*, 58 Iowa, 150; *Steele v. The Cen. R'y of Iowa*, 43 Id., 109. But if, notwithstanding, he knew the engine was approaching him at a dangerous speed, he would have been guilty of negligence in attempting to descend to the track, and he was not in that case justified in believing

*Margin notes:*
1. RAILROADS: injury to brakeman: contributory negligence: evidence of condition of track.

2. ——:——: ——:—— : evidence of belief.

that the engine had stopped. But it must be remembered that, in the position he occupied, being right before the engine upon the moving car, he could rest his eye upon no object, either on the car or upon the ground, which would enable him to determine readily that the engine had not stopped. The forward movement of his body with the car, and the increasing separation of the car and engine, would, without the closest attention and reflection, after viewing the engine in its relation to objects upon the ground, induce the belief that the engine had stopped. He could not have determined in the exercise of due care that the engine had not ceased to move. He was authorized, therefore, to believe the engine had stopped, and he was not negligent in being mistaken in his belief. The evidence objected to was not in the nature of an opinion upon an important fact, as counsel for defendant claims, but affords proof that plaintiff was not negligent.

IV. The plaintiff testified that a piece of the bone of his fractured leg came from an ulcer caused by the injury. A woman who nursed him while he was confined to his bed was, against defendant's objection, permitted to testify that plaintiff at the time called her to him and exhibited to her a piece of bone which he declared he had just taken from the wound. The evidence is competent for the reason, if for no other, that it tended to corroborate plaintiff's testimony as to the extent of his injuries.

*3. —— : ——: extent of injury: evidence.*

V. Certain witnesses were permitted to testify that after the injury plaintiff, while engaged in labor, limped. The objection raised by defendant to this evidence is not well taken. Surely, the fact that one limps while walking in the discharge of his ordinary duty is evidence of lameness, and indicates an injury of the limb, and its extent. It is not in the nature of declarations, none of which were shown by the evidence in question.

*THE SAME.*

VI. The plaintiff in his testimony described, probably erroneously, what is called a "flying switch." He did not,

**4. EVIDENCE: admission of: error without prejudice.** however, say that it was made at the time of the accident. Defendant objected to this evidence. A rule of defendant forbidding "flying switches" was introduced in evidence without objection. We cannot imagine that any prejudice resulted to defendant from the evidence. If the jury understood that the "flying switch" was made by plaintiff, which we think quite improbable, they would have understood that it was done in violation of a rule forbidding it, which would have been to the prejudice of plaintiff.

VII. The plaintiff, in an amended petition, in stating the circumstances of the accident, alleges that he got down **5. PRACTICE: instructions.** from the car after he supposed the engine had stopped. This averment was repeated by the court below in stating to the jury the pleadings in the case. It is now made the ground of an objection to the judgment, for the reason that it may have justified the jury in holding that plaintiff's supposition was a material issue. The court surely did not refer to the allegation as raising an issue, but simply as an averment of a fact tending to show plaintiff's care. And, as we have pointed out in the third part of this opinion, this was a proper matter to be considered for that purpose. There was no error in the instruction on account of the matter complained of by defendant.

VIII. The court below, in the fifth instruction, after directing the jury as to the effect of care and negligence of **6. CONTRIBU-TORY negli-gence: in-struction.** the engineer and fireman, in fixing defendant's liability, informed the jury that "they should next inquire whether the plaintiff was careless or negligent in what he did, which contributed to the injury?" We discover no fault in the instruction. It simply directs the jury that they should consider acts of negligence which contributed to the injury, and that other acts, not contributory to the injury, though they may have been negligent, ought not to be considered. Whether plaintiff was chargeable with contributory negligence was a question for the jury. But

counsel for defendant insist that "the only negligence imputable to the plaintiff arises from the fact that he stepped down on the track in front of the moving engine," and, "if that was negligence, it was necessarily the proximate cause of his injury." The mere act of stepping down in front of the engine was not necessarily negligent. If plaintiff was authorized to believe that the engine had stopped, or would be stopped before it reached him, he would not, as we have seen, be negligent, and, while his act of stepping down was the proximate cause of the injury, it was not a negligent act which bars him from recovery. See *Crowley v. B., C. R. & N. R'y Co.,** and *Bucklew v. Central Iowa R'y Co.*, *ante*.

IX. The court, in the ninth instruction, directed the jury that the engineer was not bound to anticipate that plaintiff

7. INSTRUC- would step upon the track before the engine,
TION: war- "unless ordinary care and prudence required
ranted by the
evidence. him to anticipate such a movement." It is now insisted that there was no evidence authorizing the jury to find that the engineer should have anticipated the movement of plaintiff. We think differently. The engineer knew that plaintiff was required to act with celerity, in order that the train should not be delayed by his failing to be promptly on hand to couple the engine to it; that the engine could be stopped in the distance of about fifty feet; that it had run further than that distance; and that plaintiff was not in a position in which he could mark the movement of the engine, so as readily to determine whether it had stopped; and, withal, that plaintiff in the discharge of his duty was required to leave the car just as soon as he believed that the engine had stopped. In our opinion the jury could not have failed to find that ordinary care and prudence required the engineer to anticipate the movement of plaintiff.

X. The court, in several instructions, directed the jury that, if they found plaintiff stepped upon the track when a

---

* Held for rehearing, and not yet published in official reports. See 20 N. W. Reporter. 47.

**8. INSTRUC-TION : not prejudicial to appellant.** reasonably prudent man would not have done so, and that, although he may have given a signal to stop the engine, "yet he would have no right to suppose that it had so stopped, and to act upon such supposition, when by the use of his eyes he could have easily seen that it it had not, if a person of ordinary care and prudence would have so used his eyes." We have pointed out that the plaintiff, in the exercise of ordinary care, could have stepped upon the track in the belief, warranted by the circumstances, that the engine had stopped, or would be stopped; and that he could well have done this without the use of his eyes, which, as we have shown, would have aided him but little in determining the speed of the engine, or whether it in fact was moving. The instructions, surely, present the case as favorably to defendant as the law justified.

•XI. Another instruction directed the jury that if they found plaintiff stepped upon the track, in front of the engine, **9. INSTRUC-TIONS: must be considered together.** so near as to render the act dangerous, he cannot recover. It is insisted that this instruction, in effect, took the case from the jury. But it must be considered in connection with other instructions, which pointed out that, if the plaintiff did step before the engine in the exercise of reasonable care and prudence, he is not chargable with negligence.

XII. The instructions asked by defendant were either in conflict with those given, or a repetition thereof, and were properly refused.

XIII. The evidence touching the negligence of defendant and the care of plaintiff sufficiently supports the verdict. We discover no ground for disturbing the judgment of the district court. It is, therefore,

AFFIRMED.