## W. E. MOORE, Appellant, v. THE CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY.

**Practice.** It is error to take judge and jury to the scene where plaintiff was injured by an engine, while driving a delivery wagon, and have them view the running of an engine over the track. And on appeal from a verdict subsequently directed for defendant, there will be a reversal without inquiring as to whether the direction was justified by plaintiff's contributory negligence. That question will be considered when a judgment based on evidence taken in court only, shall be appealed from.

*Appeal from Polk District Court.*—HON. S. F. BALLIET, Judge.

FRIDAY, JANUARY 25, 1895.

Action to recover for a personal injury sustained by plaintiff by the alleged negligent management and operation of a locomotive engine at the crossing of a street in the city of Des Moines. There was a trial by jury. At the close of the introduction of the evidence the defendant presented a motion for a direction to return a verdict for the defendant. The motion was sustained, and the verdict was returned according to the direction. Judgment was rendered on the verdict, and plaintiff appeals.—*Reversed.*

*St. John & Stevenson* for appellant.

*Cummins & Wright* for appellee.

Rothrock, J.—At the time of the injury the plaintiff was driving a horse and wagon, delivering goods to the customers of a tea company. The wagon was what is known as a "covered delivery wagon." He drove the

horse upon the defendant's track on Eighth street, and the horse was struck by a switch engine, and was thrown some twenty feet by the collision, and instantly killed. The wagon was demolished, and the plaintiff seriously injured, and one end of the engine went off the track. The whole contention on the trial appears to have turned on the question as to whether the plaintiff was chargeable with such negligence and want of care in driving on the track as to preclude a recovery for his injuries. During the progress of the trial, and, as we understand the record, before the plaintiff concluded the introduction of the evidence, the following proceedings were had, as appears from appellant's abstract: "Here the defendant made the following requests of the court: 'First, that the jury be permitted to inspect, under proper direction, the premises at which the accident occurred; secondly, that while the jury is upon the premises, and in the presence of the court and reporter, it be permitted to station the jury in a wagon the same height of that of the plaintiff's at the time of the accident, first twenty-five feet south of the railroad track, in the center of Eighth street, and that while so stationed, it may run an engine from the bridge across the Des Moines river to the crossing at which the accident took place; second, that the jury may then be stationed, under the same conditions, at a point forty feet south of the crossing, and the engine run from the bridge to the crossing or the crossing to the bridge; third, that the jury may be stationed at a point sixty-two feet south of the crossing, in the same condition, and, while so stationed, that the engine may be run from the bridge to the crossing or from the crossing to the bridge.' To these requests the plaintiff made the following statement and objections: That he joins in the request of defendant to have the jury visit the grounds where the accident occurred, and requests that

they may be permitted to look the entire grounds over, and consents that they may make any measurements that they may choose to make, and be at liberty to make any observations they may choose to make; but objects to the running of an engine, for the reason the jury cannot be placed in the same situation that the plaintiff was in at the time of the accident, and because there is no authority of law to make such a test, and because there is no offer to run the engine at the rate of speed at which the testimony shows it was running at the time of the accident.    In pursuance of this request, the jury were instructed by the court as follows:    'We are about to go in a body to the scene where the accident occurred, and I direct you that you are not permitted to discuss any matters there, any more than you are here in the presence of the court.    It will be your duty to observe, and not talk or comment on anything you see.'"    The record then proceeds as follows: "Whereupon, against the objection and exception of the plaintiff, the jury were, by order of the court, conveyed to place of the accident, and were permitted, in the presence of court reporter, counsel for both parties, and others, to view an engine and tender backed by defendant from the bridge to and across Eighth street, and the jury viewed said engine and tender moved from said bridge to said crossing seated in a wagon of the height of the one in which plaintiff was at time of accident, situated twenty-five feet, forty feet, fifty-four feet, and sixty-two feet south of said track on Eighth street; to which plaintiff at time duly objected, for the reason the jury cannot be placed in the same situation that the plaintiff was in, and for the reason there is no authority of law for such test.    (Objection overruled, and plaintiff excepts.)"    It should be stated here that the contention of appellee in the court below, as well as in this court, is that the plaintiff drove the horse and wagon on the

railroad track without looking to the west along the railroad for an approaching train, at the proper time and place, before driving on the track. It is provided by section 2790 of the Code as follows: "Whenever, in the opinion of the court, it is proper for the jury to have a view of the real property which is the object of the controversy, or of the place in which any material fact occurred, it may order them to be conducted in a body, under the charge of an officer, to the place which shall be shown to them by some person appointed by the court for that purpose; while the jury are thus absent, no person other than the person so appointed shall speak to them on any subject connected with the trial." It was held in the case of *Close v. Samm*, 27 Iowa, 503, that the object of this section of the statute is to enable the jury the better to apply the evidence given on the trial, and not to base their verdict in any degree upon the examination of the premises itself, or to become silent witnesses as to facts in relation to which neither party has an opportunity to cross-examine. The jury were doubtless conducted to the place of the accident under the authority of this statute. But more was done than the statute authorizes. The jury, judge, parties, and their counsel, and others, left the courthouse,—the place appointed for the trial of cases,—and the defendant was permitted to conduct its defense and present its evidence to the jury where there was no opportunity for cross-examination, and no means by which the plaintiff could have a review of the case in this court in the event that the case had proceeded to verdict and judgment against him. We know of no authority by which the trial of a case may be removed from the courthouse, and proceed in the streets of a city, or on the line of a railroad by the running of trains, and observations of the jury taken while

sitting in a wagon.    There surely was no occasion for any such a proceeding in this case.

II.    It is urged in behalf of appellee that the question of the removal of the trial to the street is not involved in the appeal, because the court directed a verdict for the defendant on the evidence introduced by the plaintiff, without any consideration of that part of the trial which occurred in the streets; and that by the evidence introduced in plaintiff's behalf the court rightly decided, as matter of law, that the plaintiff, was guilty of such negligence in driving on the railroad track as precluded recovery.    Of course, it never can be known how far the trial judge was unconsciously influenced by the proceedings referred to, and on the record here presented we are not prepared to hold that the order directing a verdict was authorized.    The evidence shows that the engine was run across a public street at a rate of speed from twenty to thirty miles an hour in violation of an ordinance of the city limiting the moving of trains at a rate to exceed six miles an hour.    The result of the collision shows that the speed was excessive.    The engine was observed by persons before it reached the crossing.    One witness testified that he was fifteen or twenty feet from the engine when it passed him, and that it threw gravel on him as it passed.    The only warning given of its approach was the noise made by its high rate of speed. There was no ringing of the bell or sounding of the whistle.    Under this state of facts we prefer not to determine the question whether the plaintiff exercised proper care to avoid a collision.    We think it will be time enough to decide that question when there has been an appeal taken from a judgment upon a verdict founded upon the evidence given in open court.    The judgment of the District Court is *reversed*.