IN THE MATTER OF THE PROBATING OF THE WILL OF THOMAS PHILLIPS, Deceased. THOMAS PHILLIPS. AND LIZZIE GLANCY, Contestants and Appellants. WILLIAM J. PHILLIPS, Proponent and Appellee.

93  615
93  598
93  615
97  104
93  615
104  142
93  615
f109  550
93  615
f112  57
112  713
93  615
113  115
93  615
135  438

**Practice.** The rule that the trial judge should direct a verdict when he would unhesitatingly grant a new trial if the verdict should be for the party having the burden, does not permit him to determine the preponderating weight of all the testimony or the credibility of the witness. See *Meyer v. Houck*, 85 Iowa, 319.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

TUESDAY, JANUARY 29, 1895.

*Wheeler & Moffit* and *Milton Remley* for appellants.

*Ranck & Wade* for appellee.

Kinne, J.—I.   August 21, 1891, there was filed with the clerk of the District Court of Johnson county, Iowa, an instrument purporting to be the last will and testament of Thomas Phillips, deceased, in which he bequeathed to his son, Thomas B. Phillips, one thousand

dollars, and the same amount to his daughter, Lizzie Glancy. He devised to William J. Phillips his homestead and other lands, in all about one hundred and thirteen acres of land. To Thomas O'Maley Phillips he devised seventy-three acres of land. He gave William J. Phillips all the remainder of his property.

Thomas Phillips and Lizzie Glancy, the persons named in the will, contested the probate thereof, upon the grounds of want of mental capacity of the testator, and because it was caused to be executed by undue influence exercised over the testator by J. Mahoney, Richard Kirwin, and others. The cause was tried to a jury upon the issues thus made, and at the conclusion of the testimony for the contestants proponents moved the court to exclude from the jury the issues presented, upon the ground that the evidence was not sufficient to sustain a verdict upon them. The court sustained the motion as to the issue touching undue influence, to which ruling contestants excepted. The motion, in so far as it related to the ground of mental capacity of the testator, was overruled. At the conclusion of all the evidence, proponent moved the court to instruct the jury to return a verdict for him, because the evidence did not show the deceased did not possess a disposing mind and memory, and, there was not sufficient evidence upon which to sustain a verdict for contestants. This motion was sustained, and the jury, under the direction of the court, returned a verdict for the proponent, to all of which contestants excepted, as also to the order made admitting the will to probate.

II.    There are some forty assignments of error in this case, based upon rulings relating to the admission and rejection of evidence. As the case must be reversed upon another ground, we shall not review in detail these alleged erroneous rulings. It is proper, however, to say that upon an examination of the entire record

we are impressed with the conviction that the trial court was unduly technical in its rulings against contestants, and this suggestion will no doubt prevent the same question from arising upon another trial.

III.   The material question in this case is as to the ruling of the court instructing the jury to return a verdict for proponent.   While exception is taken to the court's ruling in withdrawing the issue of undue influence from the jury, we do not understand that appellants now seriously question the correctness of the action of the court in that respect.   However that may be, there is no question in our minds that the court was justified in holding that no evidence had been introduced warranting the submission of that question to the jury.   As to the ruling of the court directing a verdict for proponents, upon the issue of want of mental capacity, we think the court erred in its judgment.   At the conclusion of the evidence on part of the contestants the court, in effect, held that a case had been made requiring the submission to the jury of the question as to whether the testator at the time he made his will was possessed of sufficient mental capacity to execute a valid will.   That holding was undoubtedly correct. The testimony of Squire Paxton, who had known deceased many years, and who drew the will, if it is to be believed, showed that the testator was not competent to make a will; that in fact he was almost, if not entirely, unconscious when his hand was guided to make his mark to the will.   No effort was made to impeach Paxton generally.   It is true an attempt was made, which was only partially successful, to show that he had testified differently on a former trial.   The case then was in this condition:   The court had held at the conclusion of contestants' main case, and before proponent entered upon his case, that contestants had made a case to be submitted to a jury.   Proponent then

introduced evidence tending to show that deceased was capable of making a will. Under these circumstances, the court, in directing a verdict, in effect put himself in the place of the jury, and weighed the evidence, and passed upon the credibility of the several witnesses. If, as the court properly held, the contestants when they closed their evidence in chief had overcome the burden which the law cast upon them, and had in addition thereto made a prima facie case requiring the submission of the issue of mental capacity to the jury, it does not matter what evidence was thereafter introduced,— the case was for the jury. In other words, while the trial court may determine as to whether the contestants had given evidence sufficient to support a verdict, if one should be returned in their favor, it cannot, under the rule announced in *Meyer v. Houck*, 85 Iowa, 319, 52 N. W. Rep. 235, pass upon the question as to whether the preponderating weight of all of the evidence is in favor of or against the contestants; that is a question always for the jury. So it is for the jury to determine as to the weight of the evidence, though there be one witness testifying on one side to certain facts, and many witnesses on the other side testifying to a contrary state of facts. It is not the province, in such a case, of the court to pass upon the credibility of the several witnesses, and say which one told the truth, or that the story of one is more likely to be correct than that of another. The rule laid down in the *Meyer Case* does not justify any such contention, nor can it be extended as is sought to be done by appellee in this case. To do so would be equivalent to doing away with jury trials. In this case it is apparent that the court's mind was changed as a result of the consideration of evidence which was introduced after he had deliberately determined that contestants had made a case for a jury; this was evidence

introduced by the proponent.   He was then weighing
the evidence, passing upon the credibility of the wit-
nesses, and, as we have said, this he cannot do.   The
record in this case is such that a trial court might well
have refused to disturb a verdict of a jury, if rendered
for either party.   Though he might, if sitting as a juror,
have been satisfied that the evidence preponderated in
favor of the proponent, still that would not warrant
him in putting himself in place of the jury, and passing
upon the weight of the evidence and the credibility of
the witnesses,—matters as to which the jury are the
sole judges.   For the error pointed out the judgment
is *reversed*.