| 96 | 723 |
| s104 | 48 |
| 104 | 142 |

| 96 | 723 |
| d111 | 525 |

| 96 | 723 |
| 112 | 244 |

CHARLES MCFALL, Appellant, v. IOWA CENTRAL RAILWAY COMPANY.

CONTRIBUTORY NEGLIGENCE; VERDICT SHOULD NOT HAVE BEEN DIRECTED.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

THURSDAY, DECEMBER 12, 1895.

Action to recover for personal injuries sustained by the plaintiff while in the employment of the defendant as brakeman on a freight train, and while engaged in coupling cars, because of certain alleged negligence on the part of the defendant. The defendant answered, denying generally, and the cause was tried to a jury. At the conclusion of the evidence for the plaintiff, the defendant moved for a verdict, which motion was sustained, and to which plaintiff excepted. Plaintiff appeals.—*Reversed.*

*J. F. & W. R. Lacy* and *Bolton & McCoy* for appellant.

*Anthony C. Daly* and *L. C. Blanchard* for appellee.

Given, C. J.—I. Plaintiff was injured on the night of January 8, 1893, in the defendant's yard at Keithsburg, Ill., while engaged in coupling cars, by reason, as is alleged, of slipping on ice that had formed in the yard at that place. The negligence charged is as follows: "That in the yards of defendant at Keithsburg, in Illinois, the defendant had a water tank near the freight and passenger depot of defendant; that the defendant carelessly and negligently permitted said tank to get out of repair, so the water leaked from it and ran over the tracks, there forming a sheet of slippery ice, rendering it dangerous for brakemen to perform their duty by coupling and uncoupling cars on said track; * * * that said injury was caused by the neglect of defendant in not furnishing a reasonably safe place for the plaintiff to work, and in negligently permitting its water tank to become out of repair, and negligently permitting the water to run out on said track so as to form a sheet of ice thereon." Defendant's motion for a verdict was upon the following grounds: "(1) There is no evidence that the defendant was guilty of negligence which caused the injury. (2) There is no evidence that the plaintiff was not himself guilty of contributory negligence. (3) There is affirmative evidence that the plaintiff was himself guilty of contributory negligence, and negligence which resulted in his injury. (4) Because on all the evidence, the plaintiff is not entitled to recover. (5) The evidence for plaintiff shows that plaintiff had the means of knowing, by the exercise of ordinary care, the condition of the tank

and tracks at the place where the injury occurred, and assumed the risk. (6) The evidence shows, without conflict, that plaintiff did have actual and full knowledge of the condition of the tracks and of the water tank, and of the grounds complained of, at the time of the injury; and in making the coupling he assumed the risk, and was therefore guilty of contributory negligence."

II. The contentions are whether there was such evidence of the negligence charged against the defendant, and of the absence of negligence on the part of the plaintiff, as that the cause should have been submitted to the jury. The negligence charged is that the defendant "permitted said tank to get out of repair, so the water leaked from it and ran over the tracks, there forming a sheet of slippery ice." It appears that at all tanks a limited quantity of water is unavoidably spilled upon the ground, in taking water therefrom into the tenders. Appellee contends that there is no evidence that the tank in question was out of repair, or that any other leakage is shown than that which necessarily and unavoidably occurred in taking water. We will quote briefly some of the testimony of the witnesses on that subject. N. L. Anderson says: "The spout that was connected with the water tank when McFall fell was the same spout that had been used there for some years. * * * The tank had settled down. It was the old tank. * * * It would make the same connections, but after the tank had settled, of course, there would more water leak out. * * * The tank would leak more after it had settled than before it had settled, because you haven't got the elevation of the spout to force the water. * * * The tank was in the same condition January 8, 1893, that it had been for some time." W. A. Trussell: "January 8, 1893, the yards were covered with ice, from the old depot to the west end of the yards. * * * The spout was a little too short, and, when they took water in their engine tanks, there was water leaking out where the spout was connected with the same. * * * The right of way was covered with ice, east of said water tank, six or eight car lengths. The water out of which the ice was formed came from a leak in the water tank caused by the spout being too short. * * * The old water tank was in a leaky condition when in use, by reason of the spout being too short." Al. Johnson says: "The water tank leaked water. * * * There was a small leak all the time from the tank, on the southeast side; also, when the engines would take water, there would be a waste of water where the spout is attached to the tank. * * * The water tank was in bad repair, and leaked considerable. * * * The water tank was in a dilapidated condition. It was decayed in some places. The worst feature was the spout connected with the tank. It leaked when taking water, and caused most of the leakage. * * * There was a small stream running there all the time, which covered said track." M. E. Loyd says: "It leaked water. * * * The water

that leaked from the tank ran east nearly one hundred feet, also west and south, over the tracks, and froze into ice on the right of way. There was a leak in the tank at all times. More would leak when the engines were taking water." It seems to us quite clear that under this evidence the issue as to defendant's negligence should have been submitted to the jury.

III. It is contended that as the plaintiff was familiar with the yards at Keithburg, and all the surroundings, he did know or should have known of the presence of the ice, and was therefore guilty of negligence in attempting to make the coupling when and where he did. The evidence shows that, up to within two or three days of the accident, the weather had been mild; that no ice had been formed on the yard; and that the leak from the tank settled into the sand. It also tends to show that for some time prior to the accident the plaintiff had been upon night runs, and that when upon night or day runs he usually went to and from his train, on arriving or departing, at a point east of the place of the accident. In short, there is evidence tending to show that the plaintiff did not know of the presence of the ice at the place where he fell, and he was not negligent in not knowing of it. Several authorities are cited, but the principles involved in these inquiries are well settled and undisputed. Therefore these authorities do not require further notice. We have not set out all the evidence, but simply sufficient to show that there was evidence tending to establish plaintiff's cause of action. We have carefully considered all the evidence, and reach the conclusion that under the rule announced in *Meyer v. Houck*, 85 Iowa, 319 (52 N. W. Rep. 235), the case should have been submitted to the jury.—*Reversed.*