ANDERSON & ELLIS, Appellants, v. WILLIAM WEDEKING.

**Brokers:** COMMISSIONS. A real estate broker is not deprived of his
2    right to commissions for procuring a purchaser, by the fact that the latter procured the deed to be executed to a third person.

**Jury Question.** Plaintiffs brought suit to recover their commission
1    for furnishing a purchaser for real estate, alleging, but not proving,
2    fraudulent conduct on the part of the defendant. Defendant did not deny the agreement, nor that plaintiffs furnished the purchaser. There was a conflict as to what was to be paid for commission. *Held*, that the plaintiffs' cause of action should have been submitted to to the jury.

SAME: *Damages.* When there is a contention between the plaintiff
3    and defendant with respect to the amount of damages recoverable on an attachment bond, the question should be submitted to the jury.

*Appeal from Sac District Court.*—HON. Z. A. CHURCH,
Judge.

TUESDAY, MAY 25, 1897.

PLAINTIFFS state as their cause of action, in substance, as follows: That on or about January 17, 1896, the defendant orally appointed them agents to negotiate and to furnish a purchaser to whom defendant might sell his certain one hundred and twenty-acre farm in Sac county; that it was agreed that plaintiffs should have a compensation of one dollar per acre; that they procured one Berner to enter into negotiation with defendant for said land; that "defendant entered into negotiations directly with said Berner, through one Potzke, to whom he pretended he had sold said land, for the purpose only of cheating and defrauding plaintiffs out of their commission." In an amendment they alleged "that defendant, for the purpose of defrauding plaintiffs out of their commission, pretended to have transferred said land to one Potzke after plaintiffs had procured said purchaser, Berner, but plaintiffs aver that said pretended transfer was made by defendant to Potzke with intent by both defendant and Potzke to deceive, defraud, and defeat plaintiffs out of their commission, and was in fact no transfer whatever." Plaintiffs caused attachment to issue in the action. Defendant answered, denying each and every allegation in the petition contained, and by way of counter-claim alleged that the attachment was wrongfully sued out, and asked to recover damages on the bond. Plaintiffs, in reply, admitted the suing out of the attachment and the execution of the bond, and denied every other allegation in the counter-claim. Verdict and judgment were rendered in favor of the defendant. Plaintiffs appeal.—*Reversed.*

*I. W. Bane* for appellants.

*Chas. D. Goldsmith* for appellee.

GIVEN, J.—I. The court instructed the jury that the plaintiffs had failed to sustain their cause of action, and that, therefore, they could not find in plaintiffs' favor on their cause of action, and of this plaintiffs complain. Plaintiffs' cause of action is the alleged agreement to furnish a purchaser, and that they performed the same by furnishing one Berner, who purchased the land from the defendant. The plaintiffs each testify to the agreement as alleged, that they brought Mr. Berner and the defendant together, and that Berner purchased the land. Berner testifies: "That it was only through the plaintiffs that I became aware that said land was for sale, and through no one else, and that I finally did purchase said land from Wedeking, and that it was transferred to my father, through me, by warranty deed; that I have paid for the same as per the agreement between me and Wedeking; that all of the talking that I did in negotiating for the sale of this land was with the defendant." Defendant does not, in his testimony, deny that there was an agreement, nor that plaintiffs furnished Berner as a purchaser, and that he sold the land to him. He testifies that he was to pay plaintiff all over twenty-seven dollars per acre that they could sell the land for. Under the evidence, the only disputed fact was whether plaintiffs were to receive one dollar per acre, or all over twenty-seven dollars per acre, as their compensation. It is true, there was no evidence to sustain the alleged fraud, nor was it required to sustain plaintiffs' cause of action. It appears that Mr. Berner, the purchaser, caused the land to be conveyed to his father, but this in no wise defeats plaintiffs' right to recover. We think the court erred in not submitting plaintiffs' cause of action to the jury.

II.   In instructing with respect to the counter-claim, the court told the jury that the attachment was wrongfully sued out; that the defendant was entitled to recover actual damages, and that the evidence showed that he had sustained such damages, in the sum of nineteen dollars; and that their verdict should be in his favor for that amount.   The issues joined on the counter-claim should have been submitted to the jury.   The evidence of the defendant shows that he had been deprived of the use of his money held by garnisment under the attachment, but there was some contention as to the length of time during which it had been so withheld.   He also testified that he had incurred expenses in defending against the attachment, in the way of attorney's fees and traveling expenses.   These items are legitimate elements of damages, but, there being a contention with respect thereto, the same should have been submitted to the jury.   For the reasons stated we conclude that the judgment of the district court must be REVERSED.