CHARLES McFALL, Appellant, v. THE IOWA CENTRAL
RAILWAY COMPANY.

**Negligence:** JURY QUESTION.   An action against a railway company for injury to a brakeman through defendant's negligence in permitting its water tank to become out of repair, in consequence whereof the water was permitted to run on and over the tracks, which rendered it dangerous for brakemen to perform their duty of coupling cars, was clearly one for the jury, where there was evidence to show negligence on the part of the defendant, and that plaintiff was not guilty of negligence.

**Appeal:** LAW OF CASE.   A ruling on a prior appeal in the same cause must control on a subsequent trial, where the situation is not changed by the issues or evidence.

*Appeal from Mahaska District Court.*—Hon. A. R. Dewey, Judge.

Thursday, December 16, 1897.

Action to recover damages for a personal injury. Jury trial. Verdict for defendant. Plaintiff appeals.— *Reversed.*

*J. F. & W. R. Lacey* and *J. B. Bolton* for appellant.

*Anthony C. Daly, L. C. Blanchard,* and *Theo. F. Bradford* for appellee.

Kinne, C. J.—I. It is without dispute that plaintiff was employed by the defendant company as a brakeman on its line of railway extending from Peoria, Ill., to Oskaloosa, Iowa; that on January 8, 1893, at Keithsburg, Ill., and while in the performance of his duty in coupling cars, his hand was so mangled and crushed between the bumpers of some cars that it became necessary to amputate it. The negligence charged is in not furnishing a reasonably safe place for the plaintiff to work, and in negligently permitting its water tank to become out of repair, whereby the water was permitted to run on and over its tracks, forming a sheet of ice thereon, which rendered it dangerous for brakemen to perform their duty of coupling cars passing on its tracks, and over said ice. After plaintiff had introduced his evidence, the court, on motion of the defendant, directed the jury to return a verdict for it, which was done. Plaintiff appeals.

II. This is the second appeal in this case. See 96 Iowa, 723. On the former appeal the case was reversed for the error of the trial judge in not submitting it to

the jury. It was then held that there was evidence tending to establish plaintiff's cause of action, and that he was not negligent. On the first trial below, the answer of the defendant was a general denial, only. On the last trial, an amendment to the answer was filed, pleading the knowledge of the plaintiff of the dangers complained of, and his assumption of the risk, as incident to his employment, and his waiver of want of repair of the water tank. Plaintiff, in a reply, denied all of the allegations of this amended answer. It appears that all of the evidence on the first trial was presented in the form of depositions. On the last trial the same depositions were used, except that plaintiff was orally examined as a witness on the trial. The grounds of the motion to direct a verdict were, in substance, the same on both trials. Appellant contends that the trial court erred in its action in refusing to submit the case to the jury. It is a doctrine always adhered to by this court, that a ruling made on a prior appeal in the same case is controlling upon a second appeal. Therefore, if the issues and evidence were substantially the same on the last trial as on the first, the cause should have been submitted to the jury. While the amendment pleaded that the plaintiff had knowledge of the risk, and assumed it, as an incident of his employment, and while evidence was introduced which, it is claimed, tends to sustain this plea, it seems that the same evidence was introduced on the first trial under the pleadings as they then stood. In this respect, therefore, the case presented is substantially the same as in the first trial and appeal. The only difference in the evidence upon the two trials seems to be that on the last trial the plaintiff was examined touching a written statement that he made about three weeks after the injury, as to its cause. Without entering into a discussion of this evidence, it may be said that the most

that can be claimed from it is that it may tend to show that the defendant was not negligent. It presented facts to be considered, in connection with other facts, in determining whether or not the defendant was guilty of negligence. In view of this entire record, and of the evidence before us in the prior appeal, it is evident that what was then said as to the duty of the court to submit the case to the jury was applicable and controlling on the last trial. As we have indicated, there was no such change in the issues, in view of the evidence introduced on each trial, or in the evidence, as to warrant the trial court in ignoring the direction of this court upon the second trial. There was evidence on the last trial which tended strongly to show negligence on the part of the defendant. There was evidence, likewise, tending to show that plaintiff was not guilty of negligence. Such being the situation, the case was clearly one for the jury. The court is not authorized to weigh the evidence as to negligence, and to decide as to its preponderance. It having been held by this court on the former appeal that under the holding in *Meyer v. Houck*, 85 Iowa, 319, the case should have been submitted to the jury, that holding was controlling on the last trial, inasmuch as the situation was not changed by the issues or evidence. For the error of the court in refusing to submit the case to the jury, the judgment must be REVERSED.