BERT McLEOD, Appellant, v. THE CHICAGO & NORTH-
WESTERN RAILWAY COMPANY.

**Master and Servant:** CONTRIBUTORY NEGLIGENCE: *Jury question.*
A railway employe who is directed by his superior to walk from
the rear end of the train on a particular side of the same is not as
matter of law guilty of contributory negligence in walking so
near the adjoining track, only six feet distant, that he is struck
by a switch engine thereon, where it was the duty of the employe
in charge of such engine to be on the lookout for employes on or
near the tracks and warn them of the approach of the engine, and
no such warning was given. Such employe need not look and
listen as a stranger or trespasser must.

**NEGLIGENCE:** *Jury question.* Employes operating a switch engine,
whose duty it is to be on the lookout for employes on or near the
tracks and to warn them of the approach of the engine by ring-
ing the bell or blowing the whistle, or in some other manner, are
not as matter of law free from negligence toward an employe
walking along the track in the course of his duty, where no signal
of any kind is given of the approach of such engine.

**DIRECTED VERDICT.** A verdict should not be directed for defendant in
an action for personal injuries, on the ground that plaintiff was

3  guilty of contributory negligence or that defendant was free
   from negligence, unless the facts are such that all reasonable
   men must so conclude.

*Appeal from Clinton District Court.*—Hon. A. J. House,
Judge.

Saturday, December 18, 1897.

This is an action to recover damages for a personal
injury to the plaintiff. At the close of the evidence for
plaintiff, the court directed a verdict for the defendant,
which was returned accordingly, and a judgment
entered thereon. Plaintiff appeals.—*Reversed.*

*Charles A. Clark & Son* for appellant.

*Hubbard, Dawley & Wheeler* for appellee.

Kinne, C. J.—I. The facts as disclosed by this
record are as follows: The defendant, on August 1,
1893, was operating its line of railway between Clinton
and Council Bluffs, Iowa, through the city of Belle
Plaine. Plaintiff was in the employ of
the defendant as a brakeman on a pas-
senger train. On the morning of said day,
plaintiff was so employed on a passenger train
which was going west, and which reached Belle
Plaine shortly after daylight. On the arrival of said
train at Belle Plaine, it was his duty to remove from the
rear car of said train, and from the rear end of said
train, some lanterns, two tail lights, or "bull's eyes,"
so called, together with a can of fuzees, and to carry
them to and deposit them in the baggage car of said
train. The conductor of plaintiff's train instructed
plaintiff to carry said articles along the south side of
the train. On the south side of this train were situated

several tracks used for switching purposes. The distance between the track on which the train stood and the nearest track south of it was six feet. Plaintiff got off the rear end of the train with his lanterns, tail lights, and can of fuzees, and started along the south side of the train for the baggage car, in the space between the train and the nearest track south of it. As he started, he looked to the rear, and did not see any engine or cars coming. After he had gone about three car lengths, without again looking back, and without seeing any engine or train, he heard an engine. He turned around to the left, and was struck by the footboard of a switch engine, which was approaching from the east, and was thrown into the air and severely and permanently injured. It appears that, by custom, usage, and the rules of the defendant company, it was the duty of the engineer and the fireman operating the switch engine to keep a lookout ahead, and to warn any of the defendant's employes, including plaintiff, who might be exposed to danger from said approaching engine. The negligence charged is in negligently running said switch engine at a high and dangerous rate of speed, without ringing the bell or sounding the whistle, or giving plaintiff any notice of its approach upon and against the plaintiff, and in failing to keep a lookout to see and observe plaintiff and his position of danger, or to warn him of the approach of the engine, and in running said engine at a speed of more than four miles an hour, without ringing a bell or sounding a whistle, in violation of the rules of the defendant company. The defendant filed a general denial.

II.    The main question in this case is as to whether or not the trial court erred in refusing to submit the case to the jury, and in directing a verdict. In *Meyer v. Houck*, 85 Iowa, 327, this court, in considering the question as to when a motion to direct a verdict should

be sustained, laid down the following rule, which has ever since been adhered to: "Our conclusion is that, when a motion is made to direct a verdict, the trial judge should sustain the motion when, considering all of the evidence, it clearly appears to him that it would be his duty to set aside a verdict if found in favor of the party upon whom the burden of proof rests." This rule is followed in these and other cases. *Moore v. Railway Co.*, 93 Iowa, 484; *McFall v. Railway Co.*, 96 Iowa, 723; *Mellerup v. Insurance Co.*, 95 Iowa, 317; *Phillips v. Phillips*, 93 Iowa, 618; *Beckman v. Coal Co.*, 90 Iowa, 255; *Anderson v. Wedeking*, 102 Iowa, 446; *Hurd v. Neilson*, 100 Iowa, 555. We have held that, under this rule, the trial court cannot pass upon the question as to whether or not the preponderating weight of the evidence is in favor of or against a party, nor upon the weight of the evidence or the credibility of the witnesses. All these matters are for the consideration of the jury. *Phillips v. Phillips*, 93 Iowa, 618. And see, further, *Ramm v. Railway Co.*, 94 Iowa, 300; *Kerns v. Railway Co.*, 94 Iowa, 126. It is also well settled that when, in view of all of the facts and circumstances, the question of negligence is one as to which men may honestly differ, the case is one for the jury; and this is true also when the facts are not in dispute. It is only when the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence becomes a question of law for the determination of the court. *Moore v. Railway Co.*, 93 Iowa, 484; *McFall v. Railway Co.*, 96 Iowa, 723; *Kerns v. Railway Co.*, 94 Iowa, 126; *Waud v. Polk County*, 88 Iowa, 617; *Mathews v. City of Cedar Rapids*, 80 Iowa, 463; *Lichtenberger v. Town of Meriden*, 91 Iowa, 48; *Railroad Co. v. Powers*, 149 U. S. 45 (13 Sup. Ct. Rep. 748); *Railway Co. v. Ives*, 144 U. S. 417 (12 Sup Ct. Rep. 679).

In view of these rules, did the court err in directing a verdict? Can it be said that honest men, considering all of the evidence, fairly, would reach but one conclusion, and that, that defendant was not negligent, or, if it was, that plaintiff was guilty of contributory negligence? It occurs to us that there was much evidence tending to establish the defendant's negligence. It was, as the evidence shows, the duty of the employes operating the switch engine to be on the lookout for employes on or near the tracks, and to warn them of the approach of the engine, by ringing the bell, blowing the whistle, or in some other manner to notify them of its approach. The bell was not rung, nor the whistle sounded, nor was the plaintiff in any way warned of the approach of the engine. In view of this and other evidence, it cannot be said that honest men must reach the conclusion that the defendant was not negligent. Therefore the question of the defendant's negligence was not one of law for the determination of the court. The verdict was properly directed, however, if, as a matter of law, the plaintiff was guilty of negligence contributing to his injury. He was acting in the line of his duty and under orders from his superior. True, his superior did not tell him to walk so near the track as to expose him to injury from passing engines and trains, but did tell him to proceed along the side of the train, which he did. He looked for approaching trains when he got off of the car and began his walk to the baggage car. He saw no engine or train. He heard none until it was so near him that, upon turning partly around, he was struck. He did not look while he was walking the three car lengths, and it cannot be doubted, if he had so looked in time, he must have seen the engine, and would have avoided the accident. The question really is: Was his failing to look, under all of the surrounding circumstances, legal negligence, which

should bar his recovery? If so, the verdict was properly directed. Had he been a mere trespasser or a stranger to the defendant passing along the track in a place of danger for his own convenience, there can be no doubt that his failure to look would, under such circumstances, preclude his recovery. But the same rule does not obtain as to an employe who is engaged in the discharge of his duty; that is, it cannot be said that an employe passing along the side of the track in the performance of a duty enjoined upon him, is in duty bound to look and listen for an approaching engine or train, to the same extent or with the diligence of a traveler at a crossing. As was said in *Baldwin v. Railway Co.*, 63 Iowa, 212: "In an action for a personal injury, the plaintiff (an employe) cannot be deemed to have been necessarily guilty of contributory negligence, if the danger might have been seen, and avoided if seen. *Greenleaf v. Railroad Co.*, 33 Iowa, 52. Somewhat depends upon the duty which the injured person was discharging, and somewhat upon the obviousness of the danger." In *Perigo v. Railway Co.*, 55 Iowa, 329, it was said that a person is not necessarily guilty of negligence because he does not avoid a known danger, but the "fact of knowledge of the danger on the part of the plaintiff may be given in evidence as a circumstance tending to show negligence." *Pringle v. Railway Co.*, 64 Iowa, 616. In *Bucklew v. Railway Co.*, 64 Iowa, 608, we said of a railway employe engaged in the performance of his duty that, if "absolutely required to look and listen for approaching trains or unexpected movements of the train in his charge, his usefulness would be greatly impaired. We think the question as to the duty of such an employe to look and listen for the movement of trains before he steps or walks on the track must be left for the jury to determine." And in *Crowley v. Railway Co.*, 65 Iowa, 662, in speaking of the duty of an employe to watch for approaching cars, we held that his duty was

not like that of a traveler at a crossing, "because such an obligation would be inconsistent with his proper attention to his work."

Whether the plaintiff was negligent in walking where he did, and in failing to look, for three car lengths, for approaching engines or trains, is a question to be determined from a consideration of all of the evidence. Among other matters to be considered is the fact that he was in the performance of a duty; that he was carrying lamps and lights and fuzees, and the size of these lights; that the distance between the two tracks was only six feet. How much of this six feet was taken by the cars extending over the track on one side towards the plaintiff, and how much by the extension of the engine over its track towards him, is not shown by the evidence; but jurors in considering evidence, have a right to apply to it their judgment and reason as to matters which are known to all men, and it is a matter known to everybody that all cars and engines do extend somewhat outside of the track or rails. So, it would have been proper to consider the width of the space, so far as it could be determined from the evidence, in which plaintiff had to safely walk; whether, under all of the circumstances, he was guilty of negligence in walking too near the track on which the engine approached; and, in brief, whether, in view of the duty he was discharging and the circumstances and place in which he was required to go, he was guilty of negligence. We do not think it can be truthfully said that honest men, viewing and fairly considering them all, must arrive at the same conclusion, viz.: that plaintiff was negligent; and, if that be so, then the question of his negligence should have been submitted to the jury. Again, being an employe, and engaged in the performance of his duties, he had a right to expect that the employes of the defendant would keep a lookout, and

warn him of the approach of the engine, as the evidence shows it was the usage, custom, and their duty to do, and was only bound to exercise such care as would be sufficient to protect him if the defendant on its part had given the warning to which he was entitled. *McGovern v. Railway Co.*, 123 N. Y. 281 (25 N. E. Rep. 373); *Ford v. Railway Co.*, 124 N. Y. 493 (26 N. E. Rep. 1101). It may be that, when plaintiff did discover that the engine was approaching, had he stepped towards the train, he would have escaped injury. But he was suddenly placed in peril, and overcome with fright, and it cannot be said that one who under such circumstances acts negligently is, as a matter of law, guilty of contributory negligence. The fact that plaintiff's evidence touching the facts surrounding the accident is not in all respects in harmony with certain written statements made by him to the defendant's officers cannot, in view of his explanations of such statements, be said to show contributory negligence on his part as a matter of law. Whether, under the evidence, plaintiff was guilty of negligence contributing to the injury of which he complains, was, we think, a question for the jury. While it may be that the trial court, sitting as a jury, would have found, upon all of the evidence, for the defendant, still it by no means follows that had the case been submitted to the jury, and a verdict been returned for the plaintiff, the court would have been justified in setting it aside. It seems to us, under the evidence, it is one of those cases in which, if a jury should find for either of the parties, its verdict would not be disturbed upon the facts. We think the court erred in directing a verdict.— REVERSED.