W. N. HALL, Appellant, v. IOWA CENTRAL RAILWAY COMPANY, Appellee.

**Railroads:** NEGLIGENCE: *Jury question.* The mere fact that a little dust and grease appeared on the top of the steam chest of an engine after a run of thirty miles, causing defendant's brakeman's foot to slip, was not sufficient evidence of negligence to warrant the submission to a jury of defendant's liability for injuries sustained by the brakeman.

*Appeal from Mahaska District Court.*—HON. BEN McCOY, Judge.

MONDAY, MAY 21, 1900.

ACTION for personal injury. The court directed a verdict for the defendant. Plaintiff appeals.—*Affirmed.*

*G. W. Lafferty* and *B. W. Preston* for appellant.

*L. C. Blanchard* and *G. W. Severs* for appellee.

SHERWIN, J.—The plaintiff, at the time of his injury, November 25, 1894, was a head brakeman on one of defendant's freight trains. When his train left Oskaloosa on this day his conductor told him to head the train in on one of the side tracks when they reached Grinnell. As the engine neared the switch to one of these tracks, the plaintiff went through a front cab window out onto the running board along the side of the engine, and in stepping from the running board to the steam chest his foot slipped on the steam chest, and he was thrown to the ground, and severely injured. The train at the time was running at the rate of from four to five miles an hour. The sole complaint made by the plaintiff in argument is that the defendant negligently permitted the top of the steam chest to become dirty, greasy, and slippery, and thereby furnished a dangerous and unsafe place for the plaintiff to work. The only evidence bearing upon the condition of the steam chest is that after the plaintiff fell a little grease and dirt were noticed thereon. The condition of the engine when it left the roundhouse this morning is not shown, nor is it shown whether the dirt and grease on the steam chest as it then appeared was unusual, or that it could have been avoided by the use of reasonable and ordinary care. That oil is necessary for the operation of a ponderous track engine is known to all, and that the running of a heavy train over the road in dry weather raises much dust and dirt is equally as well known. The mere fact alone that a little dust and

grease appeared upon the top of the steam chest of this engine after a run of thirty miles, hauling a train of twenty-three cars, did not furnish sufficient evidence of negligence on the part of the defendant to warrant the court in submitting the case to the jury. In the case of *McFall v. Railway Co.,* 96 Iowa, 723, relied upon by the plaintiff, there was evidence tending to show that the water spout and the tank were out of repair, and leaky for that reason. There is nothing in this case even tending to show that the engine was not properly cleaned, or that its working condition was not perfect. It also appears conclusively that the plaintiff, in going out upon the engine as he did, was acting voluntarily, and without even the knowledge of the conductor that he was so doing. There were steps from the cab of the engine which would have furnished a safe way for him to reach the ground. He knew this, and still, of his own volition, he adopted an extremely dangerous way, and by so doing received the injury complained of. It is possible that the question of his contributory negligence, under the rule laid down in *Whitsett v. Railway Co.,* 67 Iowa, 150, ought to have gone to the jury, if there had been sufficient evidence on the other question. It is not necessary that we determine this, however, for our conclusion as to the defendant's negligence disposes of the case. It is AFFIRMED.