D. J. EVANS AND MARIAM SCOTT, Intervener, Appellants, v. JOHN HUGHES AND HUGH HUGHES.

Review on Appeal: ˙ VERDICT: *Conflict in evidence.* A verdict on conflicting evidence will not be disturbed on appeal, in the absence of any showing that it was the result of passion or prejudice.

*Appeal from Marshall District Court.*—HON. G. W. BURNHAM, Judge.

THURSDAY, JANUARY 17, 1901.

THIS is an action of replevin brought to recover possession of personal property upon which the plaintiff and the intervener claimed a chattel mortgage lease lien for rent accrued during the years 1893, 1894, and 1895. The answer admitted the execution of a chattel mortgage lease and the notes for rent in 1892, and alleges that there was a failure of crops in 1894, and that it was mutually agreed in the summer or fall of that year that the defendants should not pay the notes given for the rent of that year in cash, but that the plaintiff and intervener would accept in lieu thereof certain produce from said farm, and certain work to be performed thereon by the defendants, and the further consideration that the defendants would remain and carry on the farm for another year; that said agreement was carried out by

the defendants, and the rent for said year was thereby paid and discharged; that for the rent of the year 1895 the defendants turned out to the plaintiff and intervener three cribs of corn, which were accepted in full payment of said rent, and it was thereby discharged, and that full settlement was made for all rent accrued during the years named. There was a trial to a jury, and a verdict and a judgment thereon for the defendants. The plaintiff and the intervener appeal. —*Affirmed.*

*Meeker & Meeker* and *Binford & Snelling* for appellants.

*Carney & Holt* for appellees.

SHERWIN, J.—The lease in question runs from D. J. Evans, and the notes were all drawn payable to him. After suit was brought by him, and after the case had been tried one or more times, Mariam Scott intervened, claiming to be jointly interested in the leased property and in the notes, and this is conceded to be true. The contract providing for the payment of the rent of 1894 in material, labor, etc., was claimed to have been made with the intervener. It was also claimed that this contract with her was afterwards somewhat modified in favor of the plaintiff and the intervener, and was then ratified by the plaintiff. The agreement to accept the three cribs of corn in payment of the 1895 rent was claimed to have been made with the plaintiff, and afterwards ratified by the intervener. It is strenuously urged by the appellants that the verdict does not receive such support in the evidence as to exclude the thought that it must have been the result of passion or prejudice; and, further, that there is not sufficient evidence to sustain the claim that the agreement as to the 1894 rent was authorized or ratified by the plaintiff, or that the acceptance of the corn in payment of the 1895 rent was agreed to or ratified by the intervener. With these con-

tentions we are not able to agree.  Nor is it necessary to set
forth in detail the evidence pro and con on any branch of the
case.  We have given the entire evidence careful attention,
and are fully convinced that we should not disturb the judg-
ment on the ground of its insufficiency on any issue presented
for determination.  It is in conflict on all material matters,
and we cannot say that the verdict is not the result of a candid
and fair exercise of duty on the part of the jury.  *Mc-
Cormicks v. Fuller,* 56 Iowa, 43; *Phillips v. Phillips,* 93
Iowa, 615; *Bever v. Spangler,* 103 Iowa, 576.  There was
no error in permitting Hugh Hughes and R. H. Hughes to
testify as to conversations with the plaintiff and intervener.
They were, in effect, joint plaintiffs having the same rights
under the same instruments.  The objection that the alleged
contract as to payment of the 1894 rent was too indefinite
and uncertain to admit testimony concerning it is not well
taken.  Nor was there error in receiving the testimony of
Hugh Hughes as to estimating the amount of produce the in-
tervener would need in payment of the 1894 rent, nor as to
the payment of the 1893 note.  The question called for a
fact, and not a conclusion; and, if his subsequent testimony
showed that his answer was in fact a conclusion or hearsay,
no motion to strike it was made.  There was no error in re-
jecting the testimony as to other chattel mortgages; certainly
none in view of the fact that they were satisfied of record
before an answer could be elicited.

Complaint is made of several paragraphs of the court's
charge to the jury, but we think the court very properly in-
structed on the question of a change in the original contract.
A change therein in the mode of payment was plead, and
there was evidence, as we have already said, to support it.
The other objections are chiefly to particular language used
by the court.  We find nothing of a prejudicial character in
the language criticised.  Taken as an entirety, we think the
instructions were as favorable to the plaintiffs as they could

rightfully ask, and gave the correct rules applicable to the issues and the evidence. The judgment is AFFIRMED.